### ABIGAIL GOODMAN *vs.* SAMUEL F. JONES.

A lessee of a store mortgaged the goods therein, and, with no visible change of possession, continued the sale of the goods in behalf of the mortgagee. By the terms of the lease, it was liable to forfeiture upon the neglect to pay the quarterly rent for thirty days after it was due, which neglect had occurred at the time of the mortgage. The lessor informed the mortgagee that he should look to him for the rent accruing after the date of the mortgage, upon which the mortgagee acknowledged himself in possession and promised to pay the rent so long as he remained so. In an action brought by the lessor against the mortgagee for the rent so accruing, it was held, 1. That there was a good consideration for the defendant's promise. 2. That by it the relation of landlord and tenant was created between the parties. 3. That as the tenant of the plaintiff the defendant could not dispute his title, and therefore could not set up the then subsisting lease to the former lessee.

It is the duty of auditors and committees in chancery to report facts, and not the mere evidence of facts; it being the province of the court only to apply the law to the facts found, not to draw inferences of fact from evidence.

ACTION of book debt for rent.

The cause was referred to an auditor, who reported the following facts: The plaintiff, on the 1st of April, 1853, being the owner of a store, made a written lease of the same to one Ralph Strickland, for three years, at a yearly rent payable quarterly, with a condition of forfeiture if the rent remained unpaid for thirty days after due. Strickland entered into possession and occupied the store until about November 23d, when he mortgaged the goods therein by three separate instruments, to Alfred Strickland, Samuel F. Jones, (the defendant,) and to Warren Strickland, successively. There was no visible change in the possession of the store, but the goods therein were sold out in behalf of the mortgagees by Ralph Strickland, who remained there till January 1, 1854, when the plaintiff took possession of the premises. There was no evidence of any assignment of the lease. When the mortgages were made, one quarter's rent had been unpaid more than thirty days. Soon after their execution the plaintiff notified Jones that she should thereafter look to him for the rent of the store, to which he replied that the mortgagees were in possession, and that he would pay the rent so long as they remained in possession. The plaintiff brought

her action for the rent accruing from the time of the promise to January 1, 1854. Upon these facts the superior court rendered judgment for the defendant. The plaintiff thereupon filed a motion in error.

*Goodman* and *Robinson* for the plaintiff.

1. The arrangement between the plaintiff and defendant has all the requisites of a lease, and created the relation of landlord and tenant between them. 1st. There was a permission to occupy, and a promise to pay rent, and the law will infer that the one is the consideration for the other. *Caballero* v. *Slater*, 25 Eng. L. & E., 285. 2d. The existing occupancy was a valid consideration for the agreement to pay rent. *Powley* v. *Walker*, 5 T. R., 373. 3d. The defendant was in constructive occupancy of the premises. He has admitted that the former tenant occupied in his behalf and for his benefit. Such occupancy is his occupancy. *Bertie* v. *Beaumont*, 16 East., 33. *Bull* v. *Sibbs*, 8 T. R., 327. 4th. The plaintiff by this agreement deprived herself of rights under the lease, which she had acquired by the non-payment of the rent. This was a disadvantage to her, and a sufficient consideration for the express promise of the defendant. *Spangler* v. *Springer*, 22 Penn., 454. *Brooks* v. *Ball*, 18 Johns., 337. *Brown* v. *Ray*, 10 Ired., 72. *Stoddard* v. *Mix*, 14 Conn., 12. 5th. The contract is not within the statute of frauds. *King* v. *Woodruff*, 23 Conn., 56. *Larkin* v. *Avery*, id., 304. *Moore* v. *Beasley*, 3 Ham. (Ohio) 294.

2. The fact found that there was no evidence of an assignment of the lease, is no defence to the action. 1st. After an express promise by a tenant to pay rent, a court will, in favor of a landlord, presume an assignment or surrender from the former lessee, or at least will require affirmative proof to the contrary. *Howard* v. *Ellis*, 4 Sanf., S. C., 369. *Magill* v. *Hinsdale*, 6 Conn., 464. 2d. The defendant is estopped from showing an outstanding lease in Strickland, by his admission of his own occupancy and his promise to pay rent. *Blake* v. *Sanderson*, 1 Gray, 332. Having professed to be tenant, the law will treat him as such. *Howe* v

*Kennett*, 3 A. & E., 659. *Codman* v. *Jenkins*, 14 Mass., 96. As such tenant he can not dispute the title of his landlord. *Caldwell* v. *Harris*, 4 N. Hamp., 24. *Morse* v. *Beasley*, supra. *Phipps* v. *Scuthorpe*, 1 B. & Ald., 50. *McConnell* v. *Bowdley*, 4 Monr., 392.

*Welles* and *Strong* for the defendant.

1. The defendant never had possession of the premises. There was an outstanding lease in the former lessee which had never been assigned and under which the premises were occupied. The rent was collectible of him.

2. An assignment of a lease must, by the statute of frauds, be in writing. No verbal assignment or admission of occupancy by the defendant can have any effect. Taylor on Land. & Tenant, 205. *Howard* v. *Easton*, 7 Johns., 205. To entitle the plaintiff to recover there must have been a surrendry or assignment of the estate of the former lessee.

3. The promise of the defendant was void and without consideration. 1st. It is not in writing and therefore void under the statute of frauds, both as being a conveyance of an interest in lands, and also as a promise to pay the debt of another. 2d. There was no consideration in fact, for the defendant was not in possession, and to constitute a good consideration, actual use and occupation is necessary. The mere admission that he was in possession, while evidence upon the question of fact, does not of itself constitute possession ; and the auditor having found merely the admission, and not the fact that he was in possession, the court can not treat the fact as found, and can not itself draw the inference which the auditor might have drawn and which he alone could draw.

4. The defendant is not estopped by his admission of occupancy and promise to pay rent, because nothing was done in consequence of it. There was no change in the position of the parties, no surrender by the former lessee, and nothing done or suffered by any of the parties by reason of it.

STORRS, C. J. There is certainly some color in this case

for the claim of the defendant below, that the auditor has not found the facts upon which his liability depends, but only the evidence of them, and that therefore, as it was not competent for the superior court to draw inferences from that evidence, judgment was properly rendered in his favor. It is a rule, not in all cases easily applied, but from which that court will not depart, that it will not draw inferences of fact from the evidence detailed in the reports of auditors or committees in chancery, but will render its judgment only on the main facts found in them and on which the rights of the parties depend. In this respect it is governed by the rule which prevails in this court, in regard to the finding and reservation by that court of facts for our advice, in which cases we determine only on the facts presented, and not on the evidence of them. In other words, it is not our province to find facts. We take occasion thus to allude to this subject, because we have had reason, in several instances, to complain of the mode in which cases were presented in the reports of auditors and committees, especially the latter, where it would seem to have been supposed, that, in the cases referred to them, the court to which the report was to be presented, was like a jury, a tribunal to find facts as well as to pronounce the law upon them.

In regard to the report of the auditor in this case, we think that, although it might have been expressed more directly and explicitly, it is not liable to this objection, and that on the facts found in it the plaintiff below was entitled to recover. It sufficiently and indeed clearly appears, that the defendant, upon or soon after the conveyance to him of the goods in the store in question by the former tenant, either being, or representing to the plaintiff that he, the defendant, was then in the occupation of the store, on the claim of the plaintiff that she should require of him the future rent therefor, promised the plaintiff to pay her such rent so long as he should continue in possession; and that he continued in the occupation of it during such a period that it was worth the sum that is reported to be due to the plaintiff. That he so continued in possession is most obvious, because by the

Goodman *v.* Jones.

very terms of his agreement he was to pay rent only so long as he was in possession, and the auditor could not, under that agreement, have found a liability or indebtedness on his part, unless, or for a longer time than, he occupied the premises. Under this view, it is unimportant whether his declaration to the plaintiff, that he was in possession when the arrangement was made between them, was true or not; although if the defendant thereby induced the plaintiff to believe that he was then in possession, he would be precluded from denying that fact if it became material. That the facts thus found were sufficient to create the relation of landlord and tenant between the parties, admits of no question. And the defendant, having occupied as a tenant of the plaintiff, is not at liberty to dispute her title. This is a well established and familiar principle, and furnishes a complete answer to the defendants' claim that there was, during his occupation, a subsisting lease to a former tenant who had not assigned or surrendered his term. Having occupied and enjoyed the premises under and as a tenant of the plaintiff and on a promise to pay her rent, he is estopped from saying that the plaintiff had no right to let the store to him. On this question *Phipps* v. *Soulthorp*, 1 Barn. & Ald., 50, is directly in point. It also disposes of the other points made by the defendant. In that case the premises had been let to B. for a term determinable by a notice to quit, and pending such term, C. applied to A. the landlord for leave to become the tenant instead of B., and upon A. consenting, agreed to stand in B.'s place and offered to pay rent. It was held that though B.'s term had not been determined either by a notice to quit or a surrender in writing, A. might maintain an action for use and occupation against C., and that the latter could not set up B.'s title in defence to the action.

The judgment complained of is therefore erroneous.

In this opinion the other judges concurred.

Judgment reversed.