GEORGE ANTONATA *vs.* JENNIE ANTONATA.

First Judicial District, Hartford, March Term, 1912.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, JS.

A trial court will not draw inferences of fact from the evidence detailed in the report of a committee, but will render its decision only on the main facts found by the committee.

In an action for divorce upon the ground of adultery, the committee to whom the case was referred reported a large number of subordinate and evidential facts tending to prove the allegations of the complaint, but in his report did not specifically find that the defendant committed adultery as alleged. *Held* that the trial court was not warranted in supplying the omission by its own inference, and that a judgment for the plaintiff based thereon could not be sustained.

Argued March 6th—decided April 9th, 1912.

ACTION for divorce and for custody of a minor child, brought to the Superior Court in Hartford County and referred to a committee who heard the evidence and reported the facts; the court (*Reed, J.*) accepted the committee's report and rendered judgment for the plaintiff, from which the defendant appealed. *Error and judgment reversed.*

*Francis E. Jones,* for the appellant (defendant).

*James J. Quinn,* for the appellee (plaintiff).

RORABACK, J.   The committee in this case was appointed to hear the evidence and report the facts.  Having heard the parties, the committee reported that the plaintiff and defendant were married August 14th, 1909, and after their marriage they lived in Hartford for three weeks, when they went to live in Farmington, where they resided about eight months, when they

separated; that the plaintiff continued to live in Farmington, while the defendant took a position as housemaid in West Hartford, where she remained some time; that subsequently she went to Hartford; that a child was born to them November 22d, 1909; and that the plaintiff, during a portion of the period after their separation, contributed $5 per week for the support of his wife and child. The committee also found that on November 28th, 1910, "the defendant, who was living separate and apart from her husband with her relatives at No. 125 Governor Street in the City of Hartford, left said house, taking her child with her, she at that time informing her said relatives that she was going to New Hampshire to visit her brother; that instead of so doing she placed her child at St. Vincent's Nursery, an institution conducted by the Sisters of the Holy Ghost, in the City of Hartford, . . . she paying one week's board in advance for said child, and neglected to inform the Sisters as to her present or future place of residence; she at once took up her abode in a furnished room at 78 Allyn Street in the City of Hartford, a house of ill repute, a well established house of assignation, where she remained for two (2) weeks, from and after said November 28, 1910; during said two (2) weeks she was employed for two or three days at a shirt-waist factory in the City of Hartford; while living at said 78 Allyn Street she had no means of support, but was visited by a man five (5) times, who upon two (2) occasions at least, remained in her furnished room with her for at least one-half hour on each occasion; that the man who called upon the defendant five (5) times at No. 78 Allyn Street and was in her room was Ervin R. Glinowiecki, formerly of New Britain, now of parts unknown; that during the time she remained at No. 78 Allyn Street she paid her room rent with money not obtained from her labor in the

shirt-waist factory; that on December 22, 1910, the defendant went to New Hampshire, where a child was born to her on the 11th day of July, 1911; that she never notified her husband of the birth of said child, and her husband had no knowledge of the same until August, 1911, and when he asked the defendant who was the father of the child, the defendant answered, 'It is none of your business.'"

The Superior Court accepted this report and rendered a judgment thereon that the plaintiff be divorced from the defendant and have the custody of the minor child, born November 22d, 1909. The judgment-file also recites that it is found that the defendant, on or about December 15th, 1910, committed adultery at Hartford with one Ervin R. Glinowiecki.

It is a familiar rule that a court will not draw inferences of fact from the evidence detailed in the report of a committee, but will render its decision only on the main facts found in it, and on which the rights of the parties depend. *Goodman* v. *Jones*, 26 Conn. 264, 267. In *Brady* v. *Barnes*, 42 Conn. 512, 517, this court said: "When a case has been referred by the court in which it is pending to an auditor, he becomes a statutory tribunal clothed with the power and charged with the duty of hearing all admissible evidence bearing upon the issue raised by the pleadings, of weighing it, and of finding distinctly and explicitly all the facts proven by it, and reporting the same to the court appointing him. By the act of reference the court parts with the power thus conferred upon the auditor; it reserves no right to add any fact to those found by him, except upon evidence heard by it as to matters the determination of which is necessary to a proper disposition of the case and concerning which he has made no finding. He is to hear and weigh in the place of and for the court; the testimony admitted must exhaust its force upon his

mind and produce conviction there, if anywhere; the court cannot reverse or review his action in weighing admissible testimony and in deducing facts therefrom; it cannot from any statement of the evidence heard and reported by him inferentially find a fact which he upon that evidence has refused to find."

The committee's report recites a large number of subordinate and evidential facts, but fails to find the primary fact now presented in the case, whether the defendant committed adultery with one Glinowiecki. This fact was the foundation of the plaintiff's alleged cause of action, and upon which the judgment was rendered.

It is plain that the trial court based its decree upon inferences drawn from the evidential facts set forth in the report of the committee. This report tended to show that the defendant may have committed adultery with Glinowiecki; but it cannot be said as a matter of law that it clearly appeared from the report of the committee that this charge had been fully sustained. As we have stated, the trial court should render its judgment upon the facts presented in the report of the committee, and not supply material omissions therein by the decree.

There is error and the judgment is reversed.

In this opinion the other judges concurred.