RALPH L. SCHILCHER *v.* RUTH W. SCHILCHER.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued May 5th—decided June 17th, 1938.

*Harry M. Lessin,* for the appellant (defendant).

*Samuel R. Sallick,* for the appellee (plaintiff).

JENNINGS, J. The judgment appealed from awarded a divorce to the plaintiff on the ground of adultery and found the issues for the plaintiff on the defendant's cross-complaint for a divorce on the ground of intolerable cruelty. The facts were found by a state referee and the assignments of error relate to the rulings of the court on the remonstrance to the report. There was also a supplemental appeal based on the denial of motions for alimony, support and allowance to defend.

The referee found the following facts: The parties intermarried January 22d, 1935, and had resided in

this State for more than three years before the date
of the complaint. They have no minor children.
They did not live together as man and wife and kept
their marriage secret for some time. The defendant
gave birth to a child on September 24th, 1936. There
had been no sexual relations between the parties after
June, 1935. The issues on complaint and cross-com-
plaint are found for the plaintiff.

Among the grounds of remonstrance was one to the
effect that the referee failed to incorporate in the re-
port a ruling on evidence. The plaintiff demurred
and the demurrer was sustained. The ruling was cor-
rect. The remonstrance was not in proper form for
the determination of a ruling on evidence. The note
to Form 555 E, Practice Book, p. 354, provides that
the remonstrance should state the rulings of the com-
mittee as they are stated in findings (see Form 646,
Practice Book, p. 407; § 359, p. 105). *Ferguson* v.
*Cripps*, 87 Conn. 241, 247, 87 Atl. 792; *Seymour Trust
Co.* v. *Hershowitz*, 103 Conn. 532, 536, 131 Atl. 399.

The remonstrance alleges that certain facts were
found without evidence. Among them was the fact
that for some fifteen months before the birth of a child
to her the defendant and plaintiff had had no sexual
relations. There was substantial evidence to that
effect. Had the defendant intended to raise the point
pressed in her brief—that the evidence was not suffici-
ent because of the presumption that children born in
wedlock are legitimate—the remonstrance should have
so stated. The allegation that the fact was found
without evidence did not fairly raise that issue. The
memorandum of decision of the trial court in sus-
taining the demurrer to the remonstrance indicates
that it did not understand this to be the defendant's
claim.

The claim of the defendant that the referee failed

to find adultery and that it was beyond the power of the court to infer it under the doctrine of *Brady* v. *Barnes,* 42 Conn. 512, 517, and *Antonata* v. *Antonata,* 85 Conn. 390, 393, 82 Atl. 967, is without merit. The complaint alleged adultery and the answer denied it. The referee found the issue thus joined for the plaintiff.

The defendant, subsequent to judgment, filed a supplemental appeal because of the denial of her motions for counsel fees, alimony pendente lite, and support of a minor child. The court denied the motions on the ground, among others, that the financial situation and resources of the parties were not such as to warrant granting them. No change can be made in the finding which will materially affect this conclusion. Under the circumstances disclosed by this record, we cannot say that this action was an abuse of discretion. *Valluzzo* v. *Valluzzo,* 104 Conn. 152, 155, 132 Atl. 406.

There is no error on either appeal.

In this opinion the other judges concurred.