[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, whose maiden name was Bartlett, and the defendant intermarried on August 21, 1970, in Hamden, Connecticut.
The parties have resided continually in Connecticut for at least one year next before the date of this complaint.
There are three minor children born to the plaintiff wife, issue of this marriage:
Daniel, Jr. DOB: 1/11/76
Timothy DOB: 9/17/79
Jennifer DOB: 2/23/85
No other children have been born to the wife, and none have been adopted.
Neither plaintiff nor defendant is or has been a recipient of financial aid from the state of Connecticut, any sister state, or the federal government.
Between August 11, 1970 and the date of this complaint, the marriage has broken down. CT Page 3106
The trial began on February 19, 1991 and concluded on February 21, 1991 after final arguments.
The court takes jurisdiction of this matter and finds that the marriage of these parties is broken down irretrievably, and that there is no reasonable hope of reconciliation, after having heard and observed the parties and witnesses.
The parties have stipulated that the care, custody and education of the parties' three minor children shall be committed to the plaintiff mother. The plaintiff shall notify the defendant and consult with him regarding major decisions relating to the health, welfare and education of these minor children.
The defendant shall have reasonable visitation with the minor children, Daniel, Jr. and Jennifer, on alternate weekends from Saturday at 10:00 A.M. to Sunday at 5:00 P.M. The defendant shall pick up and drop off the children at the plaintiff's home without entering the premises. There shall not be a bar to the defendant having visitation with the minor child Timothy according to the same schedule, provided that such visitation is in accordance with Timothy's preference.
The parties and all counsel shall review the visitation arrangements six (6) months from this date. During this six-month period, the defendant shall continue in counseling at the Branford Community Counseling Center, and he agrees to allow Attorney DeMatteo, the children's attorney, to contact the Branford Community Counseling Center in order to request that the issue of family violence be addressed in his counseling. This disclosure to Attorney DeMatteo will not extend beyond the subjects specified in this Stipulation.
The court finds the parties to be an intense and appealing couple. They are hard-working people who are devoted to their children. The defendant husband is a professional carpenter with 22 years of experience, who spent too much time away from his family while at work to support them. The plaintiff wife is an intense, hard-working wife and mother, who in over committing herself to outside civic endeavors and the friendship and association with a seemingly similarly motivated man gave some semblance of credence to the defendant's suspicion that she was an adulteress.
The court does not find that adultery was the cause of the breakdown of this marriage. There is, therefore, no basis in the statutes and case law for this court to have considered any adultery by the plaintiff in making any award of alimony, etc., Venuti v. Venuti, 185 Conn. 159. Adultery will not be inferred CT Page 3107 from circumstantial evidence, unless there is both an opportunity and an adulterous disposition. Eberhard v. Eberhard, 4 N.J. 535
(1950). Moreover, the existence of both the opportunity and the inclination without more does not necessarily compel a conclusion that adultery has occurred. Antonata v. Antonata, 85 Conn. 390
(1912).
The above related dicta are included in response to the defendant's testimony to the effect that he felt he had reasons to believe the plaintiff had committed adultery with Jim Evans.
The court finds that the plaintiff, as the custodial parent, needs support from the defendant for the children, and orders the defendant to pay to the plaintiff $60.00 per week in support of each child until the said children shall each have reached the age of eighteen. The defendant is further ordered to pay alimony to the plaintiff in the sum of $100.00 per week, until she dies or remarries.
The plaintiff has no real skills or training to qualify her to earn sufficient moneys to support herself, and raising and caring for the minor children and the home on a daily basis would preclude her from obtaining such skills or using them. The defendant is a skilled, experienced professional carpenter capable of earning the moneys needed for the care of his family.
Title to the parties' real property at 1609 Great Hill Road in Guilford, Connecticut, is to be retained by the plaintiff and defendant, with each party to be a tenant in common of the undivided whole, each to own 50% of the property due to this dissolution. The plaintiff is ordered to be the resident owner, with the children, and may remain on the premises until she moves out, sells the property, or until the last child reaches the age of eighteen, whichever comes first. Upon either of said circumstances coming to pass, the property is to be sold, and the defendant is ordered to receive no less than 50% of the net sum received.
Each party is ordered to pay their own counsel fees and one- half of the balance due to the children's counsel.
Title to the 1987 Celebrity station wagon that the plaintiff drives is to be in her name, and the defendant's 1984 truck that he drives is to remain in his name with each party responsible for all expenses of their respective vehicles. The three disabled vehicles that now are on the premises at 1609 Great Hill Road, Guilford, Connecticut, are to be removed and disposed of by the defendant as he decides. The camper shall be the property of the plaintiff. CT Page 3108
The defendant shall provide medical and dental insurance coverage for the minor children as is available through his employment. Any uninsured or unreimbursed medical or dental expenses of the minor children, including orthodontia, psychiatric, or psychological care, or treatment etc., shall be paid by the plaintiff and defendant equally.
The defendant shall maintain such insurance on his life as is available through his employment, with the minor children as beneficiaries.
The alimony ordered by the court to be paid to the plaintiff by the defendant naturally shall terminate when he dies.
The defendant shall cooperate in executing any documents that may be necessary in order to allow the plaintiff to continue her group medical insurance coverage under the defendant's plan. The plaintiff shall be responsible for payment of any premiums for such continued coverage.
The defendant is permanently enjoined from imposing any restraint on the plaintiff, assaulting, molesting, sexually assaulting, or attacking the plaintiff. The defendant may enter the home at 1609 Great Hill Road, Guilford, to visit, and/or make repairs to the property whenever the plaintiff permits him to do so.
The defendant shall be responsible to repay the joint CBT Visa bill in the approximate amount of $3000.00, the child Timothy's bill for treatment at Coastal Plastic Surgery Center in the sum of $125.00, the present balance of $350.00 owing to the children's pediatrician. All other debts shown by each party on his or her own financial affidavit shall be the sole responsibility of such party.
The defendant shall pay one-third (1/3) of the total mortgage, interest and taxes due on the property at 1609 Great Hill Road, Guilford, Connecticut, each month, and the plaintiff shall pay two-thirds (2/3) of said obligation each month.
The Court properly considered and weighed the applicability of all relevant statutory factors prior to deciding this case.
The marriage of the parties is found to be irretrievably broken down, without any reasonable hope of reconciliation. Whereupon, it is adjudged that the marriage of the parties to this action be and is hereby dissolved, and they are each declared to be single and unmarried.
William Beale Ramsey CT Page 3109 State Trial Referee