## ABNER G. MOSMAN *vs.* THOMAS L. SANFORD.

A committee appointed by the Superior Court under the act with regard to restoring lost boundaries, (Gen. Statutes, p. 355, sec. 1,) had on a hearing of all parties interested established a line of bounds along what they decided upon the evidence to be the site of a stone wall that had been removed, which it was agreed by both parties had been on

the true line; and the court had accepted their report and confirmed their action. Held that one of the parties, in a later suit, was estopped from claiming that the line of new bounds was not on the line of the old wall.

Parol evidence was admissible to show that the committee established the line of new bounds along what they decided to be the line of the old wall, although the report of the committee did not show the fact.

And the members of the committee were not only admissible witnesses on the subject, where testifying voluntarily, but could have been compelled to testify.

It is not necessary in such a proceeding for the plaintiff to aver in his complaint, or for the committee to find in their report, what, or precisely where located, the old bounds were; it is enough if they locate the new bounds according to the evidence before them and make report of the location of the same.

Either proprietor of adjoining lands, where the other proprietor does not erect any fence on the line between them, and especially where the land of the latter is open to the highway, has a right to erect a fence along the whole line for the protection of his own land, and the other proprietor has no right to pull down the fence thus erected.

[Argued March 18th,—decided April 29th, 1884.]

ACTION for entering upon land occupied by the plaintiff and removing a fence; brought by appeal from a justice of the peace to the Court of Common Pleas, and tried to the jury before *Hall, J.*

On the trial the plaintiff offered evidence to prove that, on the 16th of October, 1882, as tenant of Ebenezer and Hannah·Hill, he was in occupation of the premises described in the complaint, and consisting of a dwelling-house and yard connected therewith; and that on that day the defendant took down and placed upon the premises a portion of a board fence inclosing the land.

The defendant claimed, and offered evidence to prove, that Delia A. Sanford, his wife, was the owner of a tract of land south of and adjoining the land of the Hills, and that the fence had been erected by them wholly upon the land of the said Delia; and he had, as her agent, removed the same and placed it upon their land in a careful manner.

The defendant offered a number of witnesses who testified, without objection, and he claimed to have proved by them, that for more than fifteen years prior to 1868, the

division line between the tract now owned by his wife and that owned by the Hills had been marked by a stone wall, which remained as a division fence until 1868, when it was removed; and that from 1868 to 1878, when the Hills erected the board fence in question, there was no fence along the division line where the defendant removed the board fence in October, 1882; that until 1878 the stone wall was the only divisional fence between the tracts; and that for a period of more than fifteen years prior to 1868, the grantors of his wife had occupied adversely the land lying south of the wall, their occupation being limited on the north by the wall. The defendant further claimed to have proved that, after the removal of the wall in 1868, his wife and her grantors had occupied the land adversely as far north as where the stone wall had stood.

By the testimony of these witnesses the defendant claimed to have established the location of the old stone wall by reference to its distance from certain trees now standing, to the dwelling-house occupied by the plaintiff, and other objects, and to have proved that it stood several feet north of the line of the fence removed by him, and that all of the fence so removed stood on the land of his wife.

The plaintiff, in rebuttal, to prove that the location of the stone wall had been established by proceedings under the statute for restoring lost boundaries, offered in evidence a copy of the record of a proceeding brought to the Superior Court for Fairfield County, by Ebenezer Hill and Hannah Hill, his lessors, under that statute, with the report of a committee restoring the lost bounds along the line where the fence was soon after built which had now been removed by the defendant. To this proceeding the defendant and his wife and others were parties defendant.

The counsel for the defendant objected to the admission of this evidence upon the following grounds:

"1. It is a petition and decree in equity under the statute. 2. The right of trial by jury is inviolable under the constitution, and a decree in equity cannot be a bar to, or

offered in evidence in, an action at law where the title to land is clearly involved by the issues joined in the pleading. 3. Neither the petition nor the report contained any allegation as to what the ancient boundary to be restored was, or that it was a stone wall; that the law requires that the committee should report the facts, and in this report the committee does not report the facts, as nothing whatever is said concerning the old stone wall, and there is no finding that an ancient stone wall was the lost boundary, and that it was the line of the old stone wall which is restored. 4. The intention of the statute was not that the proceedings under it, and a decree passed by the court, should be conclusive upon a question of title to land involved in a trial at law before a court and jury. 5. If the statute will bear such a construction it is unconstitutional, as it does not preserve the right of trial by jury inviolate."

The court overruled these objections, and admitted the evidence, and ruled that the decree was conclusive in this action, upon the question of the location of the stone wall, if the wall was the lost bound restored and established by the decree.

The plaintiff further in rebuttal offered the testimony of two of the members of the committee in that case to prove that the stone wall, the location of which had been testified to in the trial of the case, was the lost bound the location of which had been established by the committee and the decree. Of one of the committee the plaintiff asked the following question: "What was the lost bound which the committee located and restored?" To this question the counsel for the defendant objected upon the ground that no evidence, especially parol, could be introduced to prove what the lost boundary was, or what one was restored, as this could be shown only by the report and decree of the court. The court overruled the objection, and the witness answered, "An old stone wall." The following question was then asked by the plaintiff: "Was there any difference between the parties or their counsel as to the nature of the lost bound, namely, that it was as you have stated,

an old stone wall?". To this inquiry the defendant object-
ed for the same reason, and for the further reason that it
called for testimony of the witness as to what the evidence
was before the committee. The court overruled the objec-
tion, and the witness answered, "None whatever, to the
best of my remembrance."

It was admitted by the plaintiff, on the trial, that the
Hills built the board fence in 1878, without the consent of,
and without consultation with, either the defendant or his
wife, and without having procured, or attempted to procure,
a division of the line dividing the tracts, and that he built
the fence the entire length of the division line between the
tracts. Also that immediately prior to the removal of the
fence by the defendant, he notified the Hills to remove the
same, as being upon land of his wife, and that the Hills
refused to do so. Also that if the defendant might law-
fully remove the fence, he removed it in a proper manner.

It was admitted that, before the erection of the fence in
1878, cattle could pass from the highway known as Arch
street, on the south, across the land of Mrs. Sanford, and
into the door-yard of the plaintiff, but that no complaint as
to this had ever been made to the defendant or his wife.
The defendant testified, and it was not denied, that there
was formerly a fence along the north side of Arch street.
No claim was made by the defense that the board fence was
not erected on the line established by the committee.

The counsel for the defendant claimed, as matter of law,
that notwithstanding the proceedings in the Superior Court,
the defendant had proved a title in his wife by adverse pos-
session to the land upon which the board fence stood; and
that, even if the fence stood upon the division line, he was
justified, under the admitted facts, in removing one half
of it.

Concerning the effect of the decree of the Superior Court,
the court charged the jury substantially as follows:—"If
you find that the stone wall in question in this suit was the
lost bound restored and established by the decree, then the

decree is conclusive, in this action, upon the question of where the stone wall was located."

Upon the defendant's claim of title by adverse possession the court charged the jury substantially as follows:—"It is admitted that the stone wall in question was removed in 1868, and that the board fence which was removed by the defendant was erected in 1878. It is conceded by the defendant that neither his wife's, nor the adverse occupation of her grantors, extended further north than, or beyond, the stone wall, while it stood, but that their occupation, toward the north, was limited by the wall. This being true, if you find that the stone wall was the lost bound restored and established by the decree, then the decree determines conclusively, as between the parties to this suit, the extent toward the north of the adverse occupation of Mrs. Sanford's grantors while the wall was standing, and conclusively limits the same, on the north, to the line fixed by the decree."

The court, in charging the jury, stated that the parties were substantially agreed as to the circumstances under which the board fence was erected by the Hills; that the fact that it was erected the entire length of the line, without the consent of, and without consultation with, either the defendant or his wife, and without having procured, or attempted to procure, a division of the dividing line between the tracts, did not, in law, afford a justification to the defendant for having taken down and removed the fence, though he had first notified the Hills to remove it.

The jury returned a verdict for the plaintiff, and the defendant appealed to this court.

*J. H. Olmstead*, for the appellant.

1. The record of the proceedings in the lost boundary case was not admissible to prove that the old stone wall was on the line marked by the new bounds, because neither the petition, nor the report of the committee, nor the decree of the court, contains any statement with regard to the wall, or as to what the lost bounds were, or where they were sit-

uated. The statute is express that the committee "shall report the facts and their doings to the court." Gen. Statutes, p. 355, sec. 1.

2. The parol evidence offered to supply this defect was not admissible. Such a matter should never be left to rest on parol evidence. It is substituting the mere memory of men for the record. And especially the committee themselves ought not to be allowed to testify as to their private understanding of what the committee intended to do. Triers should not be allowed, and clearly should never be compelled, to disclose the private views expressed upon their consultations. They speak only through their report to the court.

3. If the evidence would otherwise have been admissible, yet clearly it was not so here, because it would be settling a question of title conclusively against a party, without a trial by jury. The statute was never intended to affect titles. *Higley* v. *Bidwell*, 9 Conn., 447; *West Hartford Eccl. Society* v. *First Baptist Church*, 35 id., 117. If it was so intended it is so far unconstitutional. The constitution provides that "the right of trial by jury shall remain inviolate;" and under the statutes then and for a long time before in force all titles to land were tried, upon the claim of either party, by a jury. This being so, the right can not be taken away from a party without his consent. *Averill* v. *Hull*, 37 Conn., 320.

4. The court erred in charging the jury that the defendant had no right to take down the fence. Even supposing it to have been on the true line the other party had no right to place it there without the defendant's consent. The statute provides expressly for proceedings where no fence exists on a dividing line, and the remedy thus provided is a sufficient and the only one. Gen. Statutes, p. 208, sec. 6.

*J. H. Perry*, for the appellee.

PARK, C. J. This action is brought to recover damages for the removal by the defendant of a fence standing on

what the plaintiff claims to have been the dividing line between a piece of land occupied by him as tenant of Ebenezer and Hannah Hill and a piece of land belonging to the wife of the defendant. The defendant admits removing the fence, but claims that it had been erected by the Hills wholly upon the land of his wife, and that he removed it under her authority; claiming also, and the fact is so found, that he did no unnecessary injury to the fence in removing it. It is agreed that for many years prior to 1868 the line between the two tracts of land was marked by a stone wall, which was wholly removed by the defendant in that year; and that from 1868 to 1878, when the Hills erected the fence in question, there was no fence along the divisional line. The defendant also claimed that for more than fifteen years prior to the removal of the wall in 1868 the grantors of his wife had occupied adversely up to the stone wall. As the defendant now claimed title for his wife by adverse possession up to the site of that wall, it became an important question where that wall stood.

It appears that in the year 1878, the Hills, who then as now owned the land occupied by the plaintiff, brought a petition to the Superior Court in Fairfield County, under General Statutes, p. 355, sec. 1, alleging that the boundary line between the lands in question was formerly marked by certain bounds which had become lost and uncertain, and that they could not agree with the adjoining owners as to a re-location of them, and praying that the lost bounds might be established by the court. The present defendant and his wife were made parties respondent. The court, under the statute, appointed a committee who heard the parties and made their report to the court, establishing bounds upon the line on which the Hills soon after erected the fence in question; which report was accepted by the court and the bounds established by the committee decreed to be the bounds between the lands in question.

The defendant now claimed that the adverse possession by which his wife acquired title to a strip of the land now claimed by the Hills, extended beyond the boundary line

fixed by the committee, and that the stone wall, which he admitted was the limit of the adverse possession, was not on the line of the bounds so fixed, but further north, leaving a strip between, which he claimed to have been covered by the adverse possession.   The plaintiff objected to any evidence to prove that the stone wall was not where the bounds were now established, claiming that the defendant and his wife were concluded on that point by the decree of the court, and for the purpose of showing that the bounds established by the committee were along the site of the old wall, he called a member of the committee, who testified that they established the bounds on what they decided on the evidence to be the line of the wall.   The court also charged the jury, upon the request of the plaintiff, that the defendant was concluded by that judgment as to the location of the wall.

The defendant objected to the evidence as to the establishment of the bounds on the line of the wall, and to the request of the plaintiff for the instructions of the court as to the effect of the judgment, on several grounds:—1st. That the judgment, even if conclusive upon the parties in certain respects, yet could not conclude them upon a question of title.   2d. That if the judgment would have been conclusive if the fact had been found that the bounds were established on the site of the wall, yet as it was not so found, parol evidence as to what the committee did in that respect was inadmissible.   3d. That the report of the committee was insufficient to base a judgment upon, because it did not state the facts in detail, the statute requiring that they should "report the facts and their doings to the court."

It is very clear that the statute did not intend to conclude the parties to a proceeding under it upon a question of title. It does not assume to deal with title.   Its whole object is the restoration of lost boundaries.   The effect of the proceeding is in no manner different from that of the discovery and restoration of a lost boundary in any other mode, except as the bound restored under the statute is legally determined to be the bound.   In other cases the question whether

a discovered bound was the original one would be open to dispute. But except in this particular the restoration of the bound by the proceeding has no more effect than its restoration by being dug up after it had sunk out of sight in the ground. If an adjoining owner has by an encroaching adverse possession gained title to a strip of his neighbor's land, that title is just as good after the legal restoration of the lost bounds as before. *West Hartford Eccl. Society* v. *First Baptist Church*, 35 Conn., 117.

But the defendant wholly misapprehends his case when he considers the question here as properly one of title. If he were claiming title to a strip of land beyond the line of bounds established by the judgment, he would be allowed to make proof of it. Suppose he claimed up to a rock or to certain trees, he would still be allowed to prove that the adverse possession extended up to that line. But here he claims no adverse possession, and no title on any ground, beyond the place where the old stone wall stood. The whole question therefore is narrowed down to this—where did that wall stand? That was the precise question before the committee. It appears that all parties agreed that that wall stood on the true line. It was therefore the one duty of the committee to find from the evidence where that wall stood, as restored bounds could be placed only along that line. The committee heard the evidence and decided that that wall stood exactly where they have located their line of bounds. Here then we have the committee, with full jurisdiction, and on a hearing of all parties, deciding where that wall stood. That finding must conclude the defendant. It only incidentally affects the question of title. It simply settles, for the parties, the question as to the site of the wall.

It is to be observed that the court was acting, not in a special capacity for the purpose of a mere statutory proceeding, but was exercising a long established equity jurisdiction. *Perry* v. *Pratt*, 31 Conn., 433; 1 Story Eq. Jur., § 610.

But the defendant claims, in the next place, that parol evidence was inadmissible to prove that the bounds were established on the line of the old wall, and that this fact

should have been specially found. But it is well settled that extrinsic evidence is admissible to show what was embraced in an adjudication in which the record does not clearly show it. *Supples* v. *Cannon*, 44 Conn., 424; *Russell* v. *Place*, 94 U. S. Reps., 606. The question has been made whether a judge or juror can be called upon to testify as to the precise matter decided in such a case. However this may be, there can be no question that such testimony is admissible where voluntarily given, as it was here, and we see no good reason why, in a matter of so much importance, and which in no manner affects the trier personally, such testimony cannot be compelled. If the matter is open to parol proof, it is clear that the best proof should be available. The authorities on this subject are collected in an elaborate note by the reporter in 44 Conn. R., 431.

The defendant further claims that the report of the committee was insufficient to warrant any judgment upon it, because it does not state all the facts. The provision of the statute is, that the committee "shall report the facts and their doings to the court," and the claim is that the committee in their report should have found that the bounds were established by them on the line of the old stone wall. But very clearly it was not necessary either to aver in the complaint or for the committee to find in their report what or precisely where located the old and lost bounds were; it is enough that they locate the new bounds according to the evidence before them and make report of the location of the same; it being presumed, since such was their duty, that they located the new bounds on the same line which they found to have been marked by the old bounds, and that fact being open to parol proof where the case seems to demand it. We are satisfied that the report of the committee in this case, finding the fact that the old bounds had become lost and uncertain, and designating by courses and distances the line established and bounds erected by them, was a sufficient report of "the facts and their doings." *Post* v. *Williams*, 33 Conn., 147.

The defendant next claims that even if the new bounds

were located on the line of the old wall and the line thus marked was the true line between the lands, yet the Hills had no right to erect a fence the whole length of the line, but only for half the length, leaving the defendant and his wife to erect the fence along the other half; and that the fence thus built, having been unlawfully placed there, he had a right to remove it, doing no unnecessary damage.

But even if the defendant had the right to build half the fence, and after the whole fence was built by the Hills had a right to a division of the line under the provisions of the statute and to an assignment to himself of half the fence on paying for it, yet he had never taken the steps for such a division, and had no right without it to assume that a particular half of the line belonged to him. He had as much right to pull down the other half as the one which he did.

But there can be no question of the right of the Hills in the circumstances to erect the whole fence. The defendant had done nothing towards it, and it is manifest, as he and his wife denied that the line designated by the committee was the true one, that he had no intention of doing anything. Besides this it appears that the land of his wife was open to the public highway, and that the Hills could protect their own land from the incursions of cattle in no other way. The act was in no possible way harmful to the defendant. It was, on the other hand, a positive benefit; that is, upon the supposition on which we are now proceeding, that the designated line was the true one. The statute clearly recognizes the right of a proprietor of land to enclose his land. Thus the second section of part first of the statute with regard to fences, (Gen. Statutes, p. 207,) provides for the compulsory payment for half the fence where "one proprietor shall make the whole fence;" while the third section provides for a division of the fence between the parties, "when a fence between adjoining proprietors has never been divided." It is clear that in this case the defendant and his wife could have been compelled either to let the fence remain or to pay for half of it, and we cannot

therefore entertain a doubt of the legality in the circumstances of the act of the Hills in building it.

There is no error in the judgment complained of.

In this opinion the other judges concurred.