## MARY SARZENSKI
*vs.*
## MICHAEL RUZYBOWSKI ET AL.

Superior Court    New Haven County    File No. 58960

MEMORANDUM FILED DECEMBER 22, 1941.

*Louis Boyarsky,* of Wallingford, for the Plaintiff.

*Meyer L. Kravitz,* of New Haven, for the Defendants.

O'SULLIVAN, J.   The complaint in this action alleged the ownership of certain property by the plaintiff and of other adjoining property by the defendants, and that the boundaries between the two parcels had become uncertain and the parties were in dispute as to their location. The prayer for relief sought the appointment of a committee, under section 5041

of the General Statutes, Revision of 1930, for the purpose of erecting and establishing the original bounds.

Before closing the issues, the defendants, acting through their attorney, Nathan Sachs, joined in requesting the court to appoint, as such committee, George M. Peck, an attorney practicing in New Haven, and on June 6, 1941, an order entered to that effect. On July 10th, the answer was filed which admitted all of the allegations of the complaint, except those which referred to the claimed uncertainty of the boundaries.

On September 23rd, the committee filed its report, which is short enough to bear repeating. It follows:

"The subscriber respectfully represents:

1. That pursuant to the order granted on June 6, 1941, he appeared before Henry W. Stowell, an Assistant Clerk of the Superior Court, and was duly sworn as committee.

2. That he gave written notice to the counsel for the parties to appear before him, and pursuant to such notice, hearings were held and various witnesses were examined and heard. The committee visited the premises and inspected various land monuments and maps.

3. The committee employed Charles A. Cahn, a registered surveyor, to assist him.

4. The committee hereby finds that the southern and eastern boundaries of the plaintiff, and the northern and western boundaries of the defendants, are as follows:

(The committee then sets forth in specific terms as to distances and courses the description of the uncertain bounds, being those referred to in the complaint.)

5. The committee has erected stakes on the boundaries in question.

6. A surveyor's print showing the line established is attached hereto and made a part of this report.

George M. Peck, Committee."

On October 11th, a remonstrance to the report was filed by Attorney Kravitz, who, though having entered his appearance for the defendants on September 3rd, had not attended

the hearings nor taken part in any of the proceedings before the committee. On November 19th, an amendment to the remonstrance was filed, and the matter now before the court for disposition arises from a substitute demurrer addressed to the remonstrance as amended. During the course of oral argument, the parties agreed, in the interest of ending litigation, that the demurrer should be overruled *pro forma* and the remonstrance examined on its merit, and that thereafter, the report should either be recommitted or accepted, and if the latter, that judgment should enter on the report. This plan will be pursued.

The basic grievances of the defendants appear to be threefold. While stated in various ways, they seem to fall into the following classifications:

1. The report does not contain all of the facts which should have been found.

2. The report contains facts found without evidence.

3. The report lacks sufficient facts to permit the defendants to present properly their claims of law which center, in the main, upon their insistence that they own by adverse use the land over which the committee fixed the bounds.

One insurmountable obstacle stands in the way as to the first two claims. It so happened that counsel for the parties agreed that no stenographic notes should be taken at the hearings before the committee, and therefore the customary means is lacking by which this court, on review, may ascertain whether the report is defective in either of the ways alleged. Obviously, in the absence of a transcript or of oral testimony as to what evidence the committee had before it, one is legally unable to determine whether the report contains facts improperly found or fails to include sufficient facts, supported by evidence which was available to the committee. The unsupported statement of counsel who now appears that the report is defective, cannot suffice. Such a statement is nothing more than saying that the defendants are dissatisfied with the report. Something more is necessary. Otherwise, a report could be constantly shuttled back to the committee by the simple observation that it fails to cover all the facts essential to a proper presentation of one's legal position.

It follows, therefore, that as to the first two grounds of

grievance, there is no merit.

The third runs to the effect that the report is devoid of all references to certain claims made as to the adverse possession of the defendants of the land upon which the bounds were set. But there again, there is nothing, save the hearsay statement of counsel, that any such claim was ever made to the committee or that any evidence was submitted on this subject by the defendants.

But assume, however, that the report did contain such facts. They would be quite immaterial. What the issues are, must be determined by the pleadings. The only issue is as to the location of boundaries alleged to have become uncertain. *Post vs. Williams,* 33 Conn. 147, 154. Under the statute, such boundaries are those which have lost their distinctive character by removal, displacement, decay or change, so that they no longer answer the purposes of bounds in defining the true line. *Perry vs. Pratt,* 31 Conn. 433. The use of the statute is limited to those cases where the boundaries between adjoining properties have become lost. "The object is not to try the question of title on either side of the line, but to mark the place of the old line where the ancient monuments are gone." *West Hartford Ecclesiastical Soc. vs. First Baptist Church,* 35 Conn. 117, 120.

If the defendants fear that some right of theirs may be lost, they will probably gain comfort from *Mosman vs. Sanford,* 52 Conn. 23, 32, which held in an action like the present one that "if an adjoining owner has by an encroaching adverse possession gained title to a strip of his neighbor's land, that title is just as good after the legal restoration of the lost bounds as before."

The result of the foregoing is as follows:

1. The demurrer is overruled *pro forma.*

2. The remonstrance is overruled.

3. The report is accepted.

4. Judgment may enter on the report.