## ASA MURDOCK *versus* CHARLES P. SUMNER.

In trover for goods a single witness testified as to the cost of the goods, and to his opinion that they were worth the cost, and a verdict was returned. On a motion for a new trial, affidavits of the jurors, stating that in the assessment of damages they had made a mistake, considering themselves bound to follow the opinion of the witness, whereas if they had felt at liberty to exercise their own judgment they would have estimated the goods at a lower rate, were *held* to be inadmissible.

TROVER for divers goods attached by the defendant as sheriff of Suffolk. A verdict had been found for the plaintiff, which the defendant now moved to set aside, upon the affidavits of the jurors, that in assessing the damages they proceeded under a mistake.

*April 5th.*     *Brigham,* in support of the motion, cited *Dana* v. *Tucker,* 4 Johns. R. 487 ; *Jackson* v. *Dickenson,* 15 Johns. R. 309 ; *Smith* v. *Cheetham,* 3 Caines's R. 58 ; *Crawford* v. *The State,* 2 Yerger, 60 ; *Pierce* v. *Woodward,* 6 Pick. 206 ; *Ferrill* v. *Simpson,* 8 Pick. 359.

*T. P. Chandler,* for the plaintiff, cited *Jackson* v. *Williamson,* 2 T. R. 281 ; *Ex parte Caykendoll,* 6 Cowen, 53 ; *Sargent* v. ———, 5 Cowen, 121 ; *Napier* v. *Daniel,* 3 Bingh. New Cases, 277.

*April 6th.*     SHAW C. J. delivered the opinion of the Court. This is an application by the defendant, to set aside the verdict and grant a new trial, on the affidavit of the jurors, that in the assessment of damages they made a mistake. The mistake alleged was this, that in estimating the value of the goods which were the subject of controversy, one witness only was examined, who testified as to the quality, condition and cost of the

goods, and to his opinion that they were worth the cost ; that the jury believed that they were bound by this opinion, whereas if th.y had felt at liberty to exercise their own judgment, they would have estimated them at a lower rate.

Affidavits of jurors are to be received with great caution. The rule is inflexible, that they will not be received to show misconduct or irregularity on the part of the jury or any of them. And the general rule is, that affidavits of jurors will not be received to prove any mistake of the evidence or misapprehension of the law, on the part of the jury. Different jurors, according to their different degrees of intelligence, of attention and habits of thought, may entertain different views of the evidence, and of the instructions of the court in point of law. But the verdict, in which they all concur, must be the best evidence of their belief, both as to the fact and the law, and therefore must be taken to be conclusive. *Jackson* v. *Williamson*, 2 T. R. 281 ; *Owen* v. *Warburton*, 4 Bos. & Pul. 326 ; *Ex parte Caykendoll*, 6 Cowen, 53 ; *Napier* v. *Daniel*, 3 Bingh. New Cases, 77. The rule is founded upon a consideration of the great danger, practically, of listening to suggestions of misapprehension and mistake in the juries.

The Court are not prepared to say that this is a rule without exception ; there may be cases of manifest mistake in computation, or other obvious error, where there are full means of detecting and correcting it, where it would be proper to interfere.

But in the present case, the evidence having been heard *de bene esse*, the Court are of opinion, that the verdict ought not to be set aside. It was an estimate of the value of goods. The facts were stated by the witness, and also his opinion. But the jurors had full opportunity to exercise their own judgment on the facts, and form their own opinion of the value. If indeed any juror knew any fact bearing upon the subject, such as the state and condition of the particular parcel of goods, especially if it differed from the facts testified, he should have stated it and testified to it in open court, that the court might judge of the competency of the evidence, that the parties might fully examine the witness, and that the counsel and court might have under their consideration the whole of the evidence

Murdock
v.
Sumner.

upon which the verdict is formed.   It is not suggested that the jury acted upon such facts.   But the jury may properly exercise their own judgment and apply their own knowledge and experience in regard to the general subject of inquiry.   In the present case, the jury were not bound by the *opinion* of the witness ; they might have taken the facts testified by him, as to the cost, quality and condition of the goods, and come to a different opinion as to their value.

It is said that the jury understood the court to instruct them, that they must go by the testimony.   This, as a general proposition, was true and correct.   If there was any danger that the jury would be misled by the generality of this direction, the counsel should have requested the judge to modify it and make it more precise, as applicable to the evidence in the particular case, by informing the jury that they were not bound by the opinions of the witness, but only by such facts as upon the testimony they considered proved, the jury exercising their own judgment upon the credit of the witness, and the weight of the evidence.   Besides, if the defendant considered the value of the goods an important point, it was open to him to offer other and more satisfactory evidence upon that point ; but he gave no evidence on the subject, relying on that given by the plaintiff.

*Motion dismissed.*