MILES L. PECK vs. THE BOROUGH OF BRISTOL.

First Judicial District, Hartford, January Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The continuity of a tract of land is not broken by the existence of a highway through it. Accordingly it is not error for the municipal authorities to treat it as a single, contiguous piece or parcel, in assessing benefits and damages from a change of the highway grade.

The basis upon which such an assessment rests is the altered condition of the adjacent land after the new grade is completed. If that is left in an unfinished state, the landowner is not remediless, but he cannot, upon a reassessment, recover, as damages to his land, the amount that it would cost to complete the work in front of his premises. There is no necessary or natural relation between such cost and the benefit or damage that may accrue to his land from the projected change of grade.

Argued January 8th—decided March 5th, 1902.

APPLICATION for a reappraisal of damages to lots adjoining a highway, caused by a change of grade, brought to the *Hon. William T. Elmer*, a judge of the Superior Court, and referred to Arthur L. Shipman, Esq., who heard and reported the facts. Said judge accepted the report of the committee, found the facts to be as stated therein, and rendered judgment for the defendant, from which the plaintiff appealed for alleged errors in the rulings of the judge. *No error.*

The case is sufficiently stated in the opinion.

*Epaphroditus Peck*, for the appellant (plaintiff).

*Noble E. Pierce*, for the appellee (defendant).

PRENTICE, J.   The appellant's brief opens with the statement that the principal question of law involved in the case is : " Can benefits received by one lot of land from a street alteration be set off against damages suffered by other and separate lots of the same owner, so as to make the benefited lot bear the entire burden of the damages done to other lots, while lots of other owners, equally benefited, entirely escape assessment for such benefit ? "   The brief asserts the negative of this proposition and argues exhaustively in support of that contention.   It will be observed that the appellant's inquiry and position adopt as their premise an assumption of fact as to the correctness of which it is pertinent to inquire.

The appellant owns a considerable tract of land in the borough, through and adjoining which Goodman Street runs. This land is the remnant of a still larger tract belonging to the appellant, through which, in the development of the borough, said street was constructed, and from which building lots have been from time to time sold.   The remaining land lies upon both sides of the street.   That upon the west side, being the smaller in quantity, lies directly opposite that upon the east side.   That upon the east side extends back from the street to a considerable depth and has an unbroken frontage upon the street, save that a single building lot of ordinary depth had, before the improvement in question, been sold to another person.   Around the rear of this lot the appellant's land extends.

The borough decided to change and did change the grade of said street adjacent to this land.   The warden and burgesses, in attempting to comply with the requirements of law pursuant to the borough charter and to assess the benefits and appraise the damages resulting to adjoining property owners from said change of grade, treated the appellant's said land as one piece, and appraised the damages and assessed the benefits thereto, by reason of said improvement, as equal. The court below affirmed this action.

We fail to discover the legal impropriety or error in so treating the appellant's land as one tract.   One might walk

over every inch of it and never set foot on the land of any other owner. The existence of the highway through it did not break its continuity. The appellant owned the fee entirely across the street. The alienated lot served only to break the regularity of the lines of the whole and the continuity of the street frontage. It did not break the chain of connection. The tract was, even in the most literal and technical sense, a single continuous piece of land. The warden and burgesses, to be sure, might, for the purposes of assessment and appraisal, have treated it in subdivisions; but we know of no rule of law or requirement of statutory construction applicable to the authority which they were exercising which compelled them, upon the penalty of committing legal error, to treat it as any particular number of independent tracts. The appellant's premise thus failing, his argument upon this branch of the case, otherwise pertinent, requires no further attention.

When the work of changing the grade was done the whole width of the highway was not reduced to the level of the new grade, in this, that a stone boulder projecting into the sidewalk in front of the appellant's land was not blasted out. This boulder remained at the time of the hearing before the committee. The cost of removing the boulder, it is found, would be $100. The committee, in making his general finding that the benefits and damages were equal, did not take into account the cost of removal of this stone. The appellant claims that the committee's finding disclosed that he had been specially damaged by the change of grade, to the extent of the cost of this removal, over and above all benefits assessed, and that he should have been awarded that sum, to wit, $100.

We think this contention not well founded. The cost of removal, as such, could not have been properly awarded the appellant. There is no necessary or natural relation between such cost and the amount of damage accruing to the neighboring land from continuance. The theory upon which damages are appraised is that the condition which is the basis of the appraisal is to remain, not to be changed. A land-

owner who has had damages awarded him has no right to thereafter alter the situation for and on account of which the award was made. The award, followed by payment, in effect buys the right to have the conditions upon which it is made continue. So in this case, if the appellant is given any sum as damage resulting from the grade being established with this boulder left standing, the borough would have the right to have it remain; the appellant would be powerless to remove it. The inquiry in an appraisal is, what is the damage resulting from the change from the old to the new condition. It is not what will it cost to create another condition. A thing which it might cost little to remove, a situation which it might cost little to change, might easily be one decidedly harmful to the adjacent landowner. On the contrary, a condition which could only be changed at great expense, might work little or no damage to him. These considerations are enough, without recounting others, to sufficiently emphasize the statement already made, that there is no necessary or natural relation between cost of removal and damage resulting from continuance. They look to wholly different ends, and naturally lead to entirely distinct and unrelated results. It is clear, therefore, that a finding that it would cost $100 to remove this rock, of itself furnishes no aid to the appellant's claim to be allowed that sum upon his appeal.

Lest perchance the appellant claim more from the finding upon this subject than a mere finding of cost of removal, as we think he cannot, let us go further. His claim for damage by reason of this improvement must be based upon the creation, or proposed creation, of a new and changed condition which the borough proposes to maintain to his damage as a landowner. He cannot, as we have seen, be awarded any sum as compensation for doing any part of the proposed work. It is in his relation to the work as landowner, and not as a contractor or constructor, that he is before the court. As a landowner he has no voice in the nature of the work. An improvement in the nature of a change of grade has been determined upon and ordered. Whether merely ordered,

partly executed, or wholly executed, whether upon paper or upon the ground, it is the basis for the appraisal of damages and the assessment of benefits; and nothing else can be. It follows, therefore, inevitably, that in order to justify the boulder in question being considered as an element in the award to be made, it must be treated as a feature of the scheme of improvement projected or executed. In other words, the new grade must be regarded as one with the rock in it as a continuing feature.

Apart from the strangeness of such an hypothesis, we notice that the appellant, in his appeal, states the new grade with an utter disregard of the boulder as forming a part of it. Without stopping to inquire whether by his appeal he has laid any foundation for damages arising from the rock, we turn to the report of the committee only to discover a finding in express terms inconsistent with such a view of the situation. The committee finds that the work of the change of grade is not complete, and that by reason of the boulder it will cost $100 to complete it. Invariably he speaks of the borough's failure, on account of the nonremoval of the rock, to complete the change of grade, as creating the existing condition, and as alone furnishing the occasion for the expenditure of $100 to complete the projected work. There is no contrary suggestion in the finding. There is no suggestion of any attempt to appraise the damages to the appellant's land upon the assumption of the continuance of the boulder as a part of the new grade. The whole burden of the report, following the contention of the appellant, is change and removal and the cost thereof. The report, therefore, entirely fails to supply the foundation for any other judgment than the one rendered.

The finding of fact above referred to, that the boulder was no part of the new established grade of the street, and that such grade was one not accomplished until the stone was removed, is conclusive of the appellant's right in this regard, unless it follows, as a conclusion of law from the fact of failure to remove it for a few months after the balance of the work was executed, and the fact of its continuance in position

at the time of the appraisal of damages, that it must be regarded, for the purposes of the appraisal at least, as a permanent factor of the new grade.    There might be some force to the latter's contention, if the borough's appraisal of damages and assessment of betterments could be made only after an improvement was completed.    Such, however, was not the case.    The appraisal and assessment might, at the option of the municipality, have been made before or after the execution of the work, or during its progress.  *Meriden* v. *Camp*, 46 Conn. 284 ; *Platt* v. *Milford*, 66 id. 320.    No presumption, at least no conclusive presumption, could therefore arise as to the character of the improvement from its condition of progress at the time proceedings were taken to appraise the damages and assess the benefits therefor.

In the present case the change of grade, which the borough established and began to construct, evidently was such as the appellant in his appeal described, and such as the committee and judge found it to have been ; that is, one which embraced the removal of the boulder to the general highway level.    In that event the appellant is clearly not entitled to the award of $100 he asks for.    He is, however, not therefore remediless, if the borough fails to complete the improvement upon the basis of which he has been assessed.

The appeal presents a question as to the power of the judge below to tax in the appellee's favor fees for its witnesses before the committee.    As this question is not pursued in either brief or argument it need not be considered.

There is no error.

In this opinion the other judges concurred.