THE NAUGATUCK RAILROAD COMPANY *vs.* THE CITY OF WATERBURY.

Third Judicial District, New Haven, June Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

In order to justify an assessment for special benefits, they must be direct, immediate, appreciable and certain.

Land of a railroad company necessary for its purposes, used exclusively therefor and permanently devoted thereto, is not assessable for special benefits on account of paving the street on which such land abuts, although it may be adapted and marketable for manufacturing or other business uses.

Argued June 7th—decided July 14th, 1905.

APPLICATIONS in the nature of appeals from street paving assessments, taken to the Superior Court in New Haven County where a demurrer to the first and third reasons of appeal was overruled (*Gager, J.*), the facts were found and reported by a committee, and judgment in each case was rendered (*Robinson, J.*) for the plaintiff, from which the defendant appealed. *No error.*

*Lucien F Burpee,* for the appellant (defendant).

*Lynde Harrison,* for the appellee (plaintiff).

TORRANCE, C. J.   These two cases may very properly be considered together.   Each is in the nature of an appeal to

the Superior Court from an assessment of benefits made by the city of Waterbury against the railroad company on account of the paving of certain city streets, and the questions involved in each case are substantially the same.

The assessment complained of in the first case (No. 6) was made in July, 1890, on account of the paving of Bank Street, and amounted to the sum of $413.33 ; while that complained of in the second case (No. 2) was made in August, 1892, on account of the paving of Meadow Street, and amounted to the sum of $1,566.95. No claim is made that the assessments were excessive or unfair. The only claim made is that the lands assessed for benefits in these cases were not, upon the facts apparent or found upon the record, liable to such assessment. Under its charter the city had authority to pave Bank and Meadow streets, at the time the assessments complained of were made, and to assess upon the persons whose property was " especially benefited thereby, a proportionate and reasonable part of the expense thereof." 7 Special Laws, p. 217, § 27. The lands described in both applications, together with all the other railroad property of the applicant, are now in the occupation of its tenant or lessee, the New York, New Haven and Hartford Railroad Company, under a lease for ninety-nine years, and said lessee now operates the railroad of the applicant under said lease.

In the Superior Court, in December, 1903, the applicant withdrew the reasons of appeal theretofore filed in that court by it in each case, and substituted therefor in each case four other reasons of appeal. The city demurred to each of these reasons of appeal in both cases, and the court sustained the demurrer as to the second and fourth reasons, and overruled it as to the first and third. The substance of the first and third reasons of appeal may be stated as follows : That parcel of land of the applicant which was assessed for benefits by the city for the paving of Bank Street, abuts upon that street, and all of it is, and since 1867 has been, used solely and exclusively for railroad purposes, to wit, as and for a passenger station for the railroad of the applicant. The

other piece of land of the applicant, assessed by the city for benefits on account of the paving of Meadow Street, abuts upon said street, is contiguous to the first piece, and is now, and since about 1850 has ever been, used solely and exclusively for railroad purposes, to wit, as a freight station and freight grounds, covered by freight tracks and buildings for storing, receiving and dispatching freight. Said two parcels of land are in continuous use for the purposes aforesaid, are adapted and necessary for such purposes, and form a necessary part of the railroad property of the applicant and of its lessee. It is not the intention or expectation of the applicant, or of its lessee, to ever cease from using said parcels of land for railroad purposes. After the demurrer to these two reasons of appeal was overruled, the city denied the allegations contained in them. After this the cases were tried to a committee who made a report in both cases, which was accepted by the court.

The following statement embodies the substance of the controlling facts found by the committee : In 1887 the applicant leased, with other property, both the Bank Street and the Meadow Street land by a ninety-nine year lease to the New York New Haven and Hartford Railroad Company ; but except for said lease the applicant holds the "unrestricted title " to both of said pieces of land. As to the Bank Street land : The applicant's passenger station, erected in 1868, stands upon this land, and all of it not covered by the station is and has been used as an approach to it. " All of said piece is, and since 1868 has been, used exclusively for railroad purposes, and is, and since 1867 has been, necessary for such purposes." It is the intention of the applicant's lessee to erect and occupy a new passenger station at some distance from the present station, and after occupying such new station to use its present passenger station and its approaches for freight purposes, in connection with its freight station and grounds on the contiguous Meadow Street land, " and to continue the railroad tracks adjoining both of said pieces of land in their present location, and use them in its freight business. Both of said pieces of land

are adapted to such uses.   From said tracks several side or branch private tracks extend to the numerous factories, business buildings, and coal yards which are in the vicinity." During the past seventeen years the applicant's lessee has considered plans for changing the location of said passenger station, and the location of the tracks adjoining it, and adjoining the freight station on the Meadow Street land, and has had maps prepared in connection with the consideration of such plans.   None of said plans have been adopted except the plan to establish a new passenger station as aforesaid ; "and it is not the intention of the plaintiff's lessee to adopt any of them, except as aforesaid."   As to the Meadow Street land : Said piece is now substantially covered by the applicant's freight houses and their platforms.   Said houses are conveniently located and accessible for loading and unloading freight on and from cars and wagons "and are necessary to the plaintiff's lessee in carrying on its freight business."   It is the intention of the plaintiff's lessee to continue to use said piece of land for freight purposes, and to continue the railroad tracks adjoining said land in their present location, and to use them in its freight business. Both of said pieces of land are adapted and marketable for manufacturing and for other business purposes.

Upon these facts the trial court annulled and set aside the assessment proceedings in both cases and rendered judgment accordingly, and whether it erred in so doing is the principal question in the case.

The principles applicable in deciding such a question are fairly well settled by the decisions of our own court hereinafter cited.   The power of the city of Waterbury to assess benefits on account of a public improvement is limited to cases where the land of some person is " especially benefited " by the improvement ; and the assessment must not materially exceed the benefits conferred ; and where no benefit is conferred there can be no valid assessment of benefits.   To justify an assessment of the kind here in question, the benefits accruing to the land by the improvement must be direct, immediate, appreciable, and certain, and not contin-

gent, remote and uncertain. Railroad land abutting upon a street or highway, when the land is necessary for railroad purposes, is used solely and exclusively for such purposes and is permanently devoted to such uses and purposes, is not so benefited by paving the street in front of said land as to justify an assessment of benefits. *Clapp* v. *Hartford*, 35 Conn. 66; *Bridgeport* v. *New York & N. H. R. Co.*, 36 id. 255; *New York & N. H. R. Co.* v. *New Haven*, 42 id. 279; *Hartford* v. *West Middle District*, 45 id. 462; *New York, N. H. & H. R. Co.* v. *New Britain*, 49 id. 40.

In the cases at bar the land assessed is necessary for railroad tracks and for buildings used for railroad purposes solely, is now, and for about half a century has been, used exclusively for railroad purposes, and it is the purpose and intent of its owners to continue, so far as appears, for all time to devote it exclusively to such uses and purposes. The force of these controlling facts is not essentially modified or weakened by the other facts found by the committee, and we think that, upon the principles laid down in the foregoing decisions, they justified the trial court in annulling and setting aside the assessments in both cases.

The city complains of the action of the trial court in overruling the demurrer to the first and third reasons of appeal; but as we think the facts alleged in these reasons were substantially the same as the controlling facts found by the committee, the court did not err in overruling the demurrer.

There is no error.

In this opinion the other judges concurred.