## THE SEYMOUR TRUST COMPANY *vs.* HARRY HERSHOWITZ.

Third Judicial District, Bridgeport, October Term, 1925.

WHEELER, C. J., CURTIS, KEELER, MALTBIE and HAINES, Js.

Under the rules (Practice Book, p. 266, § 102), the report of a committee is conclusive unless it contains facts found without evidence, or fails to find admitted or undisputed facts; it is not a proper ground of remonstrance that a fact is found "without any sufficient evidence" to support it.

A remonstrance which seeks the finding of additional facts should follow the form prescribed for the report itself by § 98, page 264 of the Practice Book, in that it should state the facts and not the evidence or excerpts from the evidence.

A fact is not necessarily "admitted" or "undisputed" within the meaning of the rules, merely because the testimony concerning it is uncontradicted.

Matters occurring during the conduct of a hearing before a committee may be proved in the trial court by the testimony of the committee itself or by any other competent evidence, such as the duly authenticated notes of the stenographer; and, therefore, the death of the committee pending a remonstrance to his report, does not necessarily conclude the power of the trial court to determine the issues of fact raised thereby.

If, in such a situation, a further hearing is necessary, the trial court may refer the case to another committee for proceedings *de novo*.

A remonstrance which relates to a ruling upon evidence should set forth enough of the relevant circumstances surrounding the ruling to enable the court to weigh intelligently the questions involved.

The defendant in the present case complained of the committee's rulings upon certain evidence offered to show the existence of equities against the promissory note upon which the action was brought. *Held* that these rulings, even if erroneous, were harmless to the defendant and afforded no ground for the rejection of the report, in view of the committee's finding, not attacked by the defendant, that the plaintiff was a bona fide holder of the note.

Argued October 29th—decided December 23d, 1925.

ACTION by the indorsee against the maker of a promissory note, brought to the Superior Court in New Haven County and referred to the *Hon. Joel H. Reed* as a committee of the court, which accepted his report and rendered judgment (*Wolfe, J.*) for the plaintiff, from which the defendant appealed. *No error.*

*Charles S. Hamilton,* for the appellant (defendant).

*Robert J. Woodruff,* with whom, on the brief, was *Avery Tompkins,* for the appellee (plaintiff).

MALTBIE, J. The plaintiff in this action is seeking to recover as indorsee for value of a note made by the defendant to the Holt Trading Company. The answer admitted that the defendant signed the note, but denied the other allegations of the complaint; and it then set up in an involved manner certain special defenses, the gist of which was that the note, though payable to the Holt Trading Company, was the same in effect as though made payable to one Jerome, who was its president and treasurer and who had sole management of it; that it was executed entirely for the accommodation of Jerome, and was without any consideration, or at least that there had been a total failure of consideration; and that the plaintiff took the note with full knowledge of the circumstances under which it was executed. Issue being joined, the case was referred to a committee for hearing. He reported that the plaintiff was an innocent holder of the note, for value, having given $2,500 consideration for it; and that there were in fact no equities or disabilities against it. To this report the defendant filed a remonstrance; the first two grounds set forth that the committee found, "without evidence to support" his conclusion, that the plaintiff gave $2,500 consideration for the indorsement of the note to it, and that it was an innocent holder

for value; the third, fourth and fifth grounds allege that the committee found certain facts without "any sufficient evidence" to support them; the sixth ground alleges the committee's failure to find that the note was executed in pursuance of a certain agreement and conversation which is not otherwise set up than by means of a short excerpt from the defendant's testimony before the committee, which was given in the form of brief questions and answers, and which was alleged to be uncontradicted; and the remaining grounds allege rulings of the committee claimed to be erroneous. The plaintiff demurred to the remonstrance and the court held that all grounds except the first six were insufficient in law. Issue was then joined upon the first six, and they were overruled, and judgment given for the plaintiff.

The third, fourth and fifth grounds might well have been overruled as insufficient in law; it is not a proper ground of remonstrance that a fact is found "without any sufficient evidence" to support it; the Rules of Court permit a remonstrance claiming corrections of the nature of those here sought only upon the grounds that the report "contains a material fact found without evidence or omits to find a material fact which is admitted or undisputed." Practice Book, p. 266, § 102; *Goodrich* v. *Stanley,* 24 Conn. 613, 619; *Ferguson* v. *Cripps,* 87 Conn. 241, 244, 87 Atl. 792; *Prendergast* v. *Drew,* 103 Conn. 88, 90, 130 Atl. 75. The sixth ground was also improper in form; the report of a committee should state "the facts found and not the evidence or excerpts from the evidence"; Practice Book, p. 264, § 98; and a remonstrance which seeks a finding of an additional fact by the committee should follow a like form; nor is an allegation that certain testimony was uncontradicted, the equivalent of a statement that the fact testified to was admitted or

undisputed. *Dexter Yarn Co.* v. *American Fabrics Co.,* 102 Conn. 529, 540, 129 Atl. 527. In his appeal, however, the defendant abandoned these grounds of remonstrance, and claimed that, the committee having died and his testimony no longer being available, the court could not proceed to determine the issue of fact raised by them, and, in particular, had no right to use the stenographic notes of the testimony before the committee for that purpose. These claims are not before us upon the record, because they were not presented to the trial court by any remonstrance or other pleading. If they were properly upon the record, however, we would hold them to be without merit. It has always been held proper to call a committee to testify as to matters occurring in the conduct of the trial before him, and before the days of court stenographers, that was the natural course to take. *Parker* v. *Avery,* Kirby, 353; *Goodrich* v. *Stanley,* 24 Conn. 613, 619; *Mosman* v. *Sanford,* 52 Conn. 23, 33; *New Milford Water Co.* v. *Watson,* 75 Conn. 237, 248, 52 Atl. 147, 53 id. 57. But the testimony of the committee is not the sole available source of information and the facts can be proved by any other competent evidence. Where a stenographer has been in attendance, his notes, authenticated by his testimony as to their accuracy, are proper evidence; *Neff* v. *Neff,* 96 Conn. 273, 278, 114 Atl. 126; and are likely to be more reliable than could be the recollection or the fragmentary memoranda of the committee. Recognizing this, the Rules of Court require that a remonstrance upon the ground that a fact has been found without evidence shall be accompanied by a transcript of the evidence given before the committee; Practice Book, p. 266, § 102; and the remonstrance in this case referred to the transcript of the testimony and the exhibits before the committee as annexed to and made

a part of it. Such a transcript is not, of course, necessarily conclusive, and other testimony might, upon proper pleading, still be admissible to supplement or correct it. But that testimony would not of necessity be that of the committee. His death is no more conclusive of the power of the court to pass upon the remonstrance than would be the death of a witness having knowledge of any fact in issue before a court. Had the circumstances been found to be such that a further hearing was necessary, the court had abundant authority to refer the matter to another committee, to be proceeded with *de novo*. Practice Book, p. 267, § 104; *Spencer v. Usher*, 2 Day, 116, 117; *Monroe v. Danbury*, 24 Conn. 199, 204.

The other grounds of remonstrance set out various objections of the defendant made before the committee and rulings by the committee upon them. It is for the most part impossible properly to weigh these objections and rulings because the circumstances under which they were made are not properly stated. A remonstrance based upon a ruling before the committee should, like a finding for appeal, set out the circumstances under which it was made, and, if necessary, other evidence or facts claimed to have been proven, so that the ground of objection and ruling may be intelligently weighed. The rulings in question, except for those stated in two paragraphs of the remonstrance, had to do with evidence as to circumstances under which the note was given or as to the transaction out of which it grew. The finding of the committee, that the plaintiff had no notice of any equities or disabilities against the note, is not attacked before us; as the trial court points out in its memorandum upon the demurrer, so long as that finding stands these rulings, if erroneous, would be harmless; and harmless errors of a committee do not furnish ground for the rejection of

a report. Practice Book, p. 267, § 102(d); *Ives* v. *East Haven,* 48 Conn. 272, 285, 288; *Gray's Appeal,* 80 Conn. 248, 251, 67 Atl. 891. The rulings in the two paragraphs dealing with other matters were clearly right.

There is no error.

In this opinion the other judges concurred.