APPEAL OF LOUIS COHEN ET ALS. FROM BOARD OF STREET COMMISSIONERS OF THE CITY OF HARTFORD.

APPEAL OF LOUIS FEINBERG ET AL. FROM BOARD OF STREET COMMISSIONERS OF THE CITY OF HARTFORD.

APPEAL OF ABRAHAM D. GOLDBERG FROM BOARD OF STREET COMMISSIONERS OF THE CITY OF HARTFORD.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 6th—decided June 20th, 1933.

*Reuben Sudarsky,* with whom was *Henry J. Marks,* and, on the brief, *Charles Sudarsky,* for the appellants (Cohen *et als.*).

*Robert P. Butler,* for the appellants (Feinberg *et al.* and Goldberg), with whom (for Goldberg), was *Milton D. Newman.*

*Francis W. Cole,* with whom was *John C. Parsons,* for the appellee (City of Hartford).

MALTBIE, C. J.  The plaintiffs appeal from an assessment of benefits resulting from the layout of new street and building lines along a portion of Main Street in the city of Hartford.  Under the charter, the appeals were taken to the judge of the Court of Common Pleas for Hartford County and were by him referred to a committee.  The matter comes before us upon appeals taken from his judgments accepting the reports of the committee and fixing the damages and benefits as found by him.  A considerable number of properties were affected by the proceedings, there were about forty-one appeals to the judge of the Court of Common Pleas, thirteen of these were withdrawn, and the others were divided between appeals taken from awards of damages, by various lessees of buildings or portions thereof upon the lands affected, and appeals taken from the assessment of benefits.  The cases before us fall within the latter class.  The committee first took up for hearing the appeals from the awards of damages and after he had concluded them he heard those taken from the assessments of benefits.  The charter provides that, "when separate appeals are taken by different parties from one assessment and appraisal, all such appeals shall be heard and tried as one cause."  7 Special Laws, p. 527.  This provision has its basis in practical

necessity, because the charter also provides that if, upon any appeal, the judge or committee hearing it shall find cause to alter the appraisal or assessment, he shall proceed to reapportion the whole amount of damages and benefits upon the persons or land specially benefited. 7 Special Laws, p. 527. It would hardly be feasible to carry out this provision if each appeal were separately determined.

The committee began his work by summoning to a conference all the attorneys representing interested parties and at that conference made certain assignments by days to hear some of the appeals from the awards of damages, but made no such assignments to hear appeals from the assessments of benefits. When he was ready to take up the latter, he held another conference with the attorneys of interested parties. At this he suggested that the issues as to whether or not there were any benefits to the properties affected, and if so the percentage or percentages of values to be used, were general and could be heard at one time, leaving individual matters as to the value of each particular piece to be heard separately; or, as he stated it later, that there was no particular reason for having the witnesses for the city testify in each case as to their reasons for fixing values and for a benefit and its amount and that the evidence as to these matters could be heard at one time for all cases. To this statement there was no dissent. The committee also stated that it was customary for the appellants to present their evidence first, and he proceeded to assign some of the appeals for hearing on days certain and at once began hearing one of the appeals, that of Julius Gold and others.

Upon the filing of his reports remonstrances were filed in the various appeals and the transcript of the entire record before the committee, as the trial judge

states, was available for reference by counsel in argument and was submitted to him in considering and ruling upon the points raised in the remonstrances. When he filed his memorandum of decision he recited in it the statements made by the committee at the conference with attorneys which we have summarized above, and ruled that the evidence of the real-estate experts given in any appeal was available in passing upon the remonstrance in each appeal. After his memorandum of decision was filed, the appellants now before us made motions for reargument upon the ground that this ruling of the judge was erroneous, but in his memorandum of decision upon the motions the trial judge states that the argument upon them developed into a reargument of the original remonstrances and he refused to change his decision. The appellants have assigned as error the use by the trial judge, in deciding each appeal, of evidence offered upon the hearings of other appeals, except that of Julius Gold and others, and those as to which they state in their assignments of error special agreements were made.

Compliance with the charter provision that all appeals are to be heard and tried as one cause would make the evidence offered upon any appeal, when relevant, proper for consideration in determining each appeal. When there are as many appeals from a single appraisal and assessment as occurred in this instance, no doubt this may impose a heavy burden upon each appellant, to be represented at the hearing of all appeals, but if so, this is an incident of the procedure established by the charter and the remedy, if any, does not lie in the power of the court. If there was error in the use by the trial judge in determining the cases before us of evidence offered at the hearing of other appeals than those recognized as applicable in the as-

signments of error, it must be because of some understanding between the committee and counsel evidenced by the circumstances we have recited and the course of procedure actually followed consequent thereon. The memorandum of the judge discloses that he considered only evidence offered upon the appeals from the assessment of benefits, and we may restrict ourselves to that evidence. The suggestions made by the committee as to the course of procedure to be followed were vague and indefinite, particularly in view of the fact that the procedure followed called upon the appellants to go forward first with their evidence, and it was not suggested that the evidence offered by the defendants upon the general issues outlined by the committee should be heard at any particular time. The assignments of error, by excepting the first appeal heard from the appellants' claim that evidence taken upon other appeals should not have been considered, indicate that they regarded this appeal as being the occasion when the city would offer evidence upon these general issues, but the committee's suggestion does not indicate this, but rather that he had in mind an occasion which would be apart from the consideration of any particular appeal. However that may be, we are not apprised in any way which we regard as authoritative as to the procedure which was actually followed. Nor can we entirely absolve counsel for the appellants of their share of responsibility for the situation which has developed. Confronted with so indefinite a suggestion for future procedure, surely they should have sought a definite understanding as to the course to be followed, and if they now find that the course which was actually taken did not accord with that which they anticipated, it is difficult to see where they can place the whole blame upon the committee or the attorneys for the city.

In each of these appeals the report of the committee consisted merely of a statement that the plaintiff owned certain premises at the date of the taking of the property for the widening of the street, that the land had a certain value as of that date and that the plaintiffs were benefited in a certain sum. The plaintiffs in each case filed a rather long remonstrance, in which they did not seek additions to the report of the committee or ask its recommittal. They did make some indefinite claims that the committee erred in certain matters of law, but these claims did not accord with our rule that a remonstrance must specifically state the errors which it is claimed were committed at the hearing before the committee, and they will be disregarded. *Liefeld* v. *Coffin,* 103 Conn. 279, 284, 130 Atl. 576.

The contention made in one of the appeals before us, that the committee erred in basing the assessment of benefits upon the value of the land exclusive of any buildings, does not appear in the remonstrance; indeed, so far as the record shows, it was never made before the committee despite the fact that early in the hearing of the appeal of Gold and others, the first appeal heard, he suggested that he would probably follow the rule he finally adopted. The only ground of remonstrance requiring consideration is that the finding of the committee as to the amount of benefits in each case was not supported by the evidence.

If, upon the hearing of the remonstrances, the trial judge concluded that, giving to the evidence the effect to which it was entitled in law, the conclusions of the committee were reasonably supported, the trial judge had no choice except to overrule the remonstrances. *Heublein, Inc.* v. *Street Commissioners,* 109 Conn. 212, 217, 146 Atl. 20; *Seymour Trust Co.* v. *Hershowitz,* 103 Conn. 532, 534, 131 Atl. 399; *Lalley* v. *Bridgeport,*

96 Conn. 501, 503, 114 Atl. 678; *Ferguson* v. *Cripps,* 87 Conn. 241, 244, 87 Atl. 792; Practice Book, p. 266, § 102. When he overruled the remonstrances and appeals were taken to this court, it became our duty in turn to examine the evidence and see whether it afforded reasonable support for the committee's finding. Unless we conclude that it did not, the decision of the trial judge must stand. *Preston* v. *Preston,* 102 Conn. 96, 107, 128 Atl. 292. The primary question before us, as it was before him, is the effect of the evidence as regards the committee's finding, and it is not a vital matter if the trial judge in reaching his decision made use in connection with any particular appeal of evidence not properly to be considered with reference to it; though he may by so doing have placed his action upon a wrong ground, if the result he reached was correct, we could not find error. *Preston* v. *Preston,* 102 Conn. 96, 107, 128 Atl. 292; *Douglas* v. *New York, N. H. & H. R. Co.,* 110 Conn. 145, 150, 147 Atl. 289; *Aetna Life Ins. Co.* v. *Richmond,* 107 Conn. 117, 119, 139 Atl. 702. If the committee used evidence in the decision of any appeal not properly to be considered, that might be ground for relief. But any such conduct, to be available upon this appeal, must find support in his report, either as originally made or as corrected, or it should have been stated in the remonstrance. *Bridgeport* v. *Aetna Indemnity Co.,* 91 Conn. 197, 211, 99 Atl. 556; *Ferguson* v. *Cripps,* 87 Conn. 241, 244, 87 Atl. 792; *Hoyt* v. *Pomeroy,* 87 Conn. 41, 48, 86 Atl. 755; Practice Book, p. 267, § 102*d.* We cannot assume that the committee made improper use of the evidence before him.

In order to determine whether there was any evidence which could reasonably support the finding of the committee as to the amount of damages, it is necessary to examine the evidence in the light of certain

principles of law. Benefits to be assessed in such proceedings as these must be special, as distinguished from the general benefits from the improvement to the public at large; that is, they must be such pecuniary benefits as result to the particular landowner by reason of his ownership of the land affected; the theory upon which they rest is that by reason of the improvement the landowner has received an increment of value to his land which it is no more than just, to the extent necessary to pay for the improvement, he should remit to the municipality. *Ferguson* v. *Stamford,* 60 Conn. 432, 436, 22 Atl. 782; *Platt* v. *Milford,* 66 Conn. 320, 331, 34 Atl. 82; *Whitmore* v. *Hartford,* 96 Conn. 511, 519, 114 Atl. 686; *Tyler* v. *Darien,* 115 Conn. 611, 617, 162 Atl. 837. The widening of a street, while it may be a general benefit to the public at large, may also result in a special benefit to an abutting owner by making his property more valuable, because it will be better adapted to a beneficial use. *Trinity College* v. *Hartford,* 32 Conn. 452, 476. Benefits to be assessed must be such as result from the public work in question. *Hoyt* v. *Stamford,* 116 Conn. 402, 165 Atl. 357. This is illustrated by the fact that improvements made by other landowners subsequent to the public work in question and independent of it are immaterial. *Cook* v. *Ansonia,* 66 Conn. 413, 431, 34 Atl. 183; *Forbes* v. *Orange,* 85 Conn. 255, 259, 82 Atl. 559. But this principle does not go so far as to exclude from consideration changes in the use of other abutting property which are the reasonably probable result of the improvement; the test is, will the particular change in conditions be such a reasonably probable result of the improvement that it affects the present value of the property. *Holley* v. *Torrington,* 63 Conn. 426, 433, 28 Atl. 613; *Columbia Heights Realty Co.* v. *Rudolph,* 217 U. S. 547, 558, 30 Sup. Ct. 581, 54 L. Ed. 877; *Driscoll* v.

*Northbridge,* 210 Mass. 151, 96 N. E. 59; *Rich* v. *Chicago,* 152 Ill. 18, 38 N. E. 255, 259; 2 Nichols, Eminent Domain (2d Ed.) § 247, p. 762.

Again, benefits to be assessed must be direct, immediate, appreciable and certain, not contingent, remote and uncertain. *Bridgeport* v. *New York & N. H. R. Co.,* 36 Conn. 255, 269; *New York & N. H. R. Co.* v. *New Haven,* 42 Conn. 279, 284; *Hartford* v. *West Middle District,* 45 Conn. 462, 464; *Naugatuck R. Co.* v. *Waterbury,* 78 Conn. 193, 196, 61 Atl. 474. "Immediate" as used in this rule does not mean instantaneous, because the completion of the improvement and the adjustment of use to it, the elements which actually bring about the benefits, will often require some time. *Peck* v. *Bristol,* 74 Conn. 483, 487, 51 Atl. 521; *Forbes* v. *Orange, supra.* This period cannot be precisely defined but will vary according to the circumstances of the particular case, and can best be described as reasonable in view of the nature of the proceedings, and the rights and interests of the landowner on the one hand and the municipality on the other. *In re Fourth Avenue,* 3 Wend. (N. Y.) 452.

If we confine ourselves to the evidence of the expert witness upon real-estate values offered by the city upon the hearing of the appeals of Gold and others, of Cohen and others, of Feinberg and others, and of Goldberg and others and, as regards the two appeals last mentioned the evidence of an expert witness offered by the appellants, there was undoubtedly positive testimony that the lands involved in these appeals would be benefited by the improvement to the extent of at least ten per cent of their value. It is true that the appellants claim that the expert witness offered by the city, in stating the method by which he arrived at his estimate of the amount of benefits included certain elements not properly to be considered; that upon

cross-examination, to summarize his testimony rather baldly, he stated that in all street widenings in the city, with some exceptions, there was a minimum benefit to the lands affected amounting to ten per cent of their value; that the minimum measurable difference in land values was ten per cent, explaining that less than this difference would not have any material effect upon a sale of the property; and that the increase in value in his judgment would not be immediately realized but would accrue within a reasonable time, possibly in one to three years, a statement which a reading of his testimony suggests was largely if not entirely based on the fact that, since the land was taken, there had been little market for any real estate in the city. It is also true that the witness called by the appellants, to whom we have referred, testified that he doubted whether the owner of the property could have gotten the increased value immediately upon the taking of the land, but in his judgment it would be a matter of years before that increase would be actually realized.

The claim of the appellants is that the testimony of these witnesses, by the inclusion of elements not properly to be considered, and by the qualifications made by them upon cross-examination, could not reasonably support the conclusion of the committee. The purpose of offering in evidence the opinions of expert witnesses as to such matters as land values is to aid the trier to arrive at his own conclusion, which is to be reached by weighing those opinions in the light of all the circumstances in evidence bearing upon value, and his own general knowledge of the elements going to establish it. *Head* v. *Hargrave*, 105 U. S. 45, 49; *Murdock* v. *Sumner*, 39 Mass. (22 Pick.) 156; and see *State* v. *Levy*, 103 Conn. 138, 146, 130 Atl. 96. If an expert witness includes in his estimate of value elements not properly to be considered, this circumstance

is to be weighed by the trier and may properly lead him to disregard the testimony or to regard the estimate given as too high; on the other hand, if the witness fails to include relevant circumstances affecting value, the trier may conclude that his estimate is too low. *Johnson* v. *Chicago, B. & N. R. Co.*, 37 Minn. 519, 521, 39 N. W. 438. Such qualifications as the expert witness called by the city made in his cross-examination did not necessarily destroy the effect of his testimony as a whole, but were to be weighed by the committee in considering his evidence. *Naveckas* v. *Jack*, 112 Conn. 407, 410, 152 Atl. 580. Undoubtedly in these cases the committee by his many hearings of appeals from the appraisal of damages and assessment of benefits growing out of this improvement must have acquired a general knowledge of conditions surrounding it; indeed, that he had done so was obviously assumed by all the parties to the appeals before us. We cannot say that the committee, weighing the opinions of the expert witnesses in the light not only of the qualifications to which we have referred, but also in the light of his general knowledge and all the other relevant circumstances properly to be considered by him, could not reasonably reach the conclusion he did upon the evidence, which, in the assignments of error, these appellants concede was properly to be considered by him.

The judgments entered by the judge of the Court of Common Pleas provide in each instance that the city should recover the amount of benefits found to be due by the committee, with interest from the time which the committee had found was agreed upon by all parties as that of the taking of the property. The appellants, in amendments to their assignments of error, attack that part of the judgments allowing the city interest. In *Bishop* v. *Meriden*, 114 Conn. 483,

491, 159 Atl. 289, we pointed out that under the charter of Meriden an appeal such as the one before us was not a proceeding to recover a judgment against the city, and that the judgment entered upon it should fix the amount of damages to which the appellant was entitled and the amount of special benefits which the city was entitled to recover, but should not award money damages. When the same case came before us a second time, 115 Conn. 624, 630, 162 Atl. 846, we held that the trial court was in error in fixing in the judgment the amount of interest due, stating: "Upon an appeal such as this the trial court is not concerned with the interest which may be due to any property owner on account of the failure of the city to pay the damages awarded; that pertains to the payment by or collection from the city of the amount awarded. The scope of these appeals is confined to determining the amounts of damages or benefits to be appraised or assessed, and having made that determination the function of the court ceases."

We have examined the charter of the city of Hartford to see if there are any provisions in it which make inapplicable the conclusion we reached in the *Bishop* case and find none. Indeed, there are provisions which point clearly to the necessity of following that rule. The charter provides that the judge of the Court of Common Pleas "shall have, for the purpose of disposing of said appeal, all the power of the Superior Court, and may render judgment thereon, and may tax costs in favor of either party, and issue execution for said costs, to be taxed as upon civil process in the Superior Court." 7 Special Laws, p. 527. It is clearly implied in this provision that the judge in appeals such as these can issue execution only for costs, and hence any judgment he might render for the recovery

of money damages would not be directly enforcible, but resort would be necessary to an action at law upon his judgment, thus in no way simplifying the procedure of collecting assessments. The grant to the judge of all the power of the Superior Court in disposing of such appeals must refer to the procedural matters involved in the determination of the amount of damages and benefits.

The charter also provides that an appeal may be taken from the assessment of benefits only; 7 Special Laws, p. 527; and also that where damages are appraised to and benefits assessed against a property owner the latter shall be set off against the former, but that in any such case the court of common council may order the entire amount of such damages to be paid and the amount of the benefits to be collected. 6 Special Laws, p. 874. If an appeal is taken from an assessment of benefits only, the judge of the Court of Common Pleas would not be in a position to make such an off set, and in an appeal involving both damages and benefits he could not preëmpt the right of the city to determine whether there should be such an off set or not. As judgments upon appeals such as these should not provide for recovery by the city, they should not fix the amount of interest due upon an assessment. While we appreciate the desire of the parties to have determined the time from which the interest would run upon the assessments involved in these cases, any decision upon that matter would be outside the scope of the issues presented and we cannot properly make it.

There is error in the form of the judgments alone, they are set aside and the causes remanded with direction to enter judgments in all respects in accordance with those from which these appeals are taken, except

that they should contain no provision for a recovery by the city of the amount of the benefits found due and no provision concerning interest on the assessments.

In this opinion the other judges concurred.