FRANK BRITO *v.* THE CITY OF WATERBURY.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued April 7—decided May 6, 1943.

*Andrew D. Dawson,* for the appellant (plaintiff).

*Maurice T. Healey,* with whom was *Edward J. Mc-Donald,* for the appellee (defendant).

PER CURIAM. The defendant city erected a new bridge to take the place of one that was condemned as unsafe and, in doing so, lowered the grade of a street, constructed a retaining wall in front of the plaintiff's property and provided entrances to it. It also purchased properties across the way, razed the buildings thereon and made ornamental grass plots. The defendant's bureau of assessments found that the damages to and benefits of the plaintiff, because of the work, were equal. The plaintiff appealed from this finding and the trial court confirmed and adopted the assessment and dismissed the appeal. From that judgment the plaintiff has appealed. The trial court found that the benefits and damages were each $3000. The plaintiff finds no fault with this appraisal of his damages but claims there is no basis for a finding of benefits. No attack is made on the finding of facts, the plaintiff assigning error in the conclusions drawn therefrom.

The plaintiff contends that the benefits were general and not special, and so benefits should not be assessed against him; and that the trial court assessed benefits on the ground that the new bridge and the removal of the buildings across the street from his property provided a better view and afforded more air and light. This, indeed, the trial court found, but it also found in a separate paragraph that the value of the plaintiff's property was increased $3000 by the widening and change of grade. This finding has not been attacked and we may not say upon what it was based, for the evidence is not before us. For all we may know, there

was expert testimony as to market value before and after the taking and that the change was of special value to the plaintiff although of value to the public generally. While "benefits to be assessed in such proceedings as these must be special, as distinguished from the general benefits from the improvement to the public at large . . . the widening of a street, while it may be a general benefit to the public at large, may also result in a special benefit to an abutting owner. . . ." *Appeal of Cohen,* 117 Conn. 75, 83, 166 Atl. 747. *Trinity College* v. *Hartford,* 32 Conn. 452, 476, 477.

There is no error.