This is an appeal from the action of the council of the city of New London in approving and accepting a report of the board of compensation assessing damages against or in favor of property to be condemned and taken relative to the making of a public improvement in the city of New London by creating and establishing public off-street parking facilities, and in connection with and incidental thereto by widening the public highway known as Green Street. The city council approved and accepted said report of said board of compensation on January 20, 1955, and on said date adopted an ordinance providing for the accomplishment of said improvement. *Page 23 
On said January 20, 1955, the appellants, Joseph R. Schwartz and Arthur P. Schwartz, were the owners of land and buildings at Nos. 133-137 and 143-145 Bank Street in New London, including also rear land affording access from Pearl Street to the rear of the buildings on Bank Street, as more particularly set forth on a plan entitled "Property Line Map, Off-Street Parking Site, Golden-Green-Pearl-Tilley Streets . . .," which map is in evidence as plaintiffs' exhibit A. The property condemned in this proceeding embraces only a portion of said plaintiffs' property located in the rear, being more particularly described in the "corrected complaint" dated June 29, 1955, and also designated on said exhibit A as plot No. 1.
The board of compensation fixed the damages for such taking and plaintiffs have been awarded damages in the amount of $8500, and benefits have been assessed in the amount of $7500, leaving an award of net damages in the amount of $1000. The plaintiffs, within the time prescribed by law, have appealed, asking for a reappraisal of the damages and revision thereof, and also for a revision of the boundaries of the land taken and for equitable and injunctive relief.
The court has heard the testimony of witnesses, including experts in the appraisal of real property. It has also, at the request of the parties, made a personal inspection of the property.
The question of "just compensation" to the owner is the matter to be determined. The constitution of the state of Connecticut provides in article first, § 11: "The property of no person shall be taken for public use, without just compensation therefor." Just compensation means a fair equivalent in money for the property taken as nearly as its nature will permit. Waterbury v. Platt Bros. Co., 76 Conn. 435. *Page 24 
"`The question of just compensation contemplated by the Constitution is more an equitable question than a strictly legal or technical one.' . . . `The primary question . . . is just compensation, and this means full equivalent for the property taken.' . . . `It includes the value of the land, or the amount to which the value of the property from which it is taken is depreciated?" Winchester v.Cox, 129 Conn. 106, 114, 115. "The just compensation to which an owner is entitled when his property is taken by eminent domain is regarded by law from the point of view of the owner and not of the condemnor. In other words, just compensation in the constitutional sense is what the owner has lost, and not what the condemnor has gained." 3 Nichols, Eminent Domain (3d Ed.) § 8.61. The fair market value at the time of the taking is ordinarily the measure of compensation, although this is not necessarily so. Winchester v. Cox, supra. It has been held that market value is the price that would in all probability — the probability being based upon the evidence in the case — result from fair negotiations where the seller is willing to sell and the buyer desires to buy. Portland Silk Co. v. Middletown,125 Conn. 172; Bridgeport Hydraulic Co. v. Stratford,139 Conn. 388, 397.
In determining market values in awarding damages for land taken, it is proper to consider all those elements which an owner or a prospective purchaser could reasonably urge as affecting the fair price of the land, unless the considerations advanced are not a necessary, natural or proximate result of the taking. The determination of the damages to be paid requires the consideration of everything by which the value is legitimately affected in the light of the use to which the property is being put or the use to which it could be put most advantageously.Housing Authority v. Lustig, 139 Conn. 73, 76. *Page 25 
The law of eminent domain deals with the most drastic interference of government with private property, so severe in fact that it is the subject of constitutional safeguards. No formula or measuring stick has yet been devised which can be applied to provide with mathematical certainty an infallible answer to the question of just compensation. "`The value of property is dependent upon many factors and is in the final analysis a matter of opinion.... All of the evidence produced in a case of this kind is to aid the trier to arrive at his own conclusion which is to be reached by weighing the opinions of the experts in the light of all the circumstances in evidence bearing on value and his own general knowledge going to establish it.'" Bridgeport HydraulicCo. v. Stratford, supra.
The instant case involves a partial taking, that is, the taking of a portion of the whole of plaintiffs' property at this location. The property taken comprises a strip of land in the rear of the lot approximately 83.3 feet to 86 feet wide by 18 feet to 21.5 feet deep. There are no buildings on this land. The remaining land in the rear gives access to Pearl Street, over which land plaintiffs have granted a fifteen-foot right of way to the owners of adjoining property. The plaintiffs conduct a retail furniture store in the buildings on Bank Street and the area taken is used by them to facilitate the loading and unloading of merchandise to and from their delivery trucks, including also frequent deliveries by large trailer trucks. This area is also used by the owners for their personal vehicles and those of their employees when such use does not interfere with necessary freight deliveries. Bank Street is a narrow and very heavily traveled thoroughfare and until plaintiffs had acquired sufficient land in the rear of their retail store, they were severely handicapped by the necessity of freight and other deliveries on Bank *Page 26 
Street. While the land taken by the city does not prevent ingress and egress to the rear of the buildings from Pearl Street, it does reduce the available space in the rear of the buildings. It will be difficult to maneuver the large delivery and freight trucks. Garage doors will have to be rebuilt. Present storage space must be sacrificed. There will not be room for a vehicle to pass by if a large truck is spotted for unloading, thus blocking said fifteen-foot right of way previously granted to adjoining proprietors. At present, that is, before this taking, this was no problem.
The general rule in eminent domain is that the owner of property in a partial taking is entitled to the difference between the market value of the whole property as it lay before the taking and the market value of what remained after the taking.Andrews v. Cox, 127 Conn. 455; Stock v. Cox,125 Conn. 405. In Andrews v. Cox, the court said (p. 458) that "in determining market values in awarding damages for land taken, it is proper to consider all those elements which an owner or a prospective purchaser could reasonably urge as affecting the fair price of the land." Everything which may legitimately affect market value must be considered.Holley v. Torrington, 63 Conn. 426, 433.
Plaintiffs' property fronts 69.5 feet on Bank Street. The rear line is 54.13 feet. The average depth is about 138 feet. The rear land containing the fifteen-foot right of way to Kaplan and Agranovitch fronts 10.37 feet on Pearl Street. The rear line is about 38 feet and there is depth of 172.27 feet on one side and about 166 feet on the other irregular side. The main building is known as Nos. 133-137 Bank Street and is a four-story brick building with adequate elevator. There is an attached two-story cement and brick building and rear shed. Nos. 143-145 Bank Street is a one-story frame and brick building *Page 27 
fitted for rental as shops or stores. The highest and best use of this property is for its present use as a retail furniture store or some similar use.
The prices realized in sales of comparable properties, the reproduction cost of the buildings less depreciation and obsolescence, and the result reached by capitalizing the reasonable gross and net income of the property, its highest and best use, and other elements which an owner or a prospective purchaser could reasonably urge as affecting the fair price of the property and legitimately affecting its value have all been considered and given weight as proper factors to be used by the experts in making their estimates of value and also by the court in determining the damages to be awarded for the taking of that portion of plaintiffs' property designated as plot No. 1 on exhibit A. The difference between the market value of plaintiffs' property as it was before the taking and what remains of it after the taking is found to be $12,500.
The defendant claims special benefits to offset the damages. Benefits to be assessed in proceedings such as these must be special, as distinguished from the general benefits from the improvement to the public at large. They must be such pecuniary benefits as result to the particular landowner by reason of his ownership of the land affected. Appeal of Cohen,117 Conn. 75, 83. Benefits to be assessed must be direct, immediate, appreciable and certain, not contingent, remote and uncertain. Appeal of Cohen, supra, 84;Bridgeport v. New York N.H. R. Co., 36 Conn. 255,269; New York N.H. R. Co. v. New Haven,42 Conn. 279, 284; Hartford v. West Middle District,45 Conn. 462, 464; Naugatuck R. Co. v. Waterbury,78 Conn. 193, 196.
It is concluded that plaintiffs received no special benefits as a result of these proceedings as distinguished *Page 28 
from general benefits to the public at large. Although their property will border on the parking lot, there is no right of access granted or provided. In fact, the specifications in evidence disclose a present intention to erect a barrier. The present intention of the city as to the size and height of this barrier matters not so much as their right to prohibit access to plaintiffs' property. Further, it is concluded as a fact that benefits to this property as a result of this contemplated public project are not appreciable but are contingent, remote and uncertain, therefore not assessable. Appeal of Cohen, supra.
Just compensation for the taking of a portion of plaintiffs' property more particularly described and designated as plot No. 1 on exhibit A is found to be $12,500. There are no special benefits. The award of net damages set forth in paragraph 2 of this memorandum is modified and hereby established to be the sum of $12,500.
Plaintiffs' claim for a revision of the boundary lines of the property taken and for other relief is denied.
 Judgment for the plaintiff may enter accordingly and for costs.