### WILLIAM D. SHIPMAN *v.* LORETTA CARR

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1096

Argued December 22, 1981—decided May 14, 1982

*Martin Zeldis,* for the appellant (defendant).

*Peter S. Gianacoplos,* for the appellee (plaintiff).

DALY, J. Claiming that the defendant lessee had failed to pay the monthly rent due on August 1, 1980, the plaintiff lessor commenced this summary process

action to obtain possession of the premises located at 14 Oakland Court in Groton. With her answer, the lessee filed a special defense alleging that she was entitled to withhold rental payments because the lessor had not complied with applicable housing code provisions. The trial court rendered judgment for the plaintiff, from which the defendant has appealed.

The subordinate facts are undisputed: The lessee is a participant in the Section 8 Housing Assistance Payments Program.[1] Through that program, which is state sponsored and federally funded, tenants who are otherwise unable to pay the requested fair market rent receive sufficient financial assistance to enable them to afford suitable housing. On July 12, 1979, the parties to this suit entered into a lease agreement whereby the lessee rented the Oakland Court premises for one year at a monthly rent of $225. Of this sum, the lessee agreed to pay $32 and the balance, or $193, was payable by the State Department of Economic Development pursuant to the Section 8 program.

During the term of the lease, the state Department of Housing (hereinafter DOH) conducted several inspections to ensure that the leasehold met the housing quality standards established for the Section 8 Housing Assistance Payments Program. By letter dated March 12, 1980, a housing coordinator for the DOH notified the lessor that the Oakland Court premises had been reinspected and "found . . . to be in compliance with housing regulations" and that, therefore, "the units contracted under the Section 8 Program are still in effect." Four months later, however, on July 14, 1980, the premises were reinspected; this inspection disclosed fifty-seven violations of state housing quality standards regulations. When the lessor refused to comply with the DOH request that he cor-

---

[1] The regulations pertinent to the Section 8 Program appear in 24 C.F.R. §§ 882.101 through 882.606.

rect the violations, the state discontinued Section 8 funding, and the lease expired on July 31, 1980. The lessor thereafter filed and prevailed in the summary process action based on the lessee's failure to pay the August, 1980, rent.

The lessee has appealed from the judgment granting possession to the lessor, contending that the court erred by finding (1) nonpayment of rent when General Statutes § 47a-7 (a) excuses payment of rent pursuant to § 47a-4a and (2) nonpayment of rent when the state refuses to continue Section 8 support of a lease because of substandard housing.[2]

The gravamen of each claimed error is the disputed existence of innumerable housing code violations which, if proved, would have rendered the Oakland Court premises both unfit and uninhabitable. Whether the alleged violations actually existed presented the court with a factual issue, to which the testimony and evidence introduced at trial were directed. In weighing that testimony, the trial court was confronted with a classic question of credibility. Nothing is more elementary than the principle that the trier is the final judge of the credibility of witnesses and of the weight to be accorded to their testimony. *Savings Bank of New London* v. *Santaniello,* 130 Conn. 206, 213, 33 A.2d 126 (1943); *Appeal of Cohen,* 117 Conn. 75, 81, 166 A. 747 (1933). Although each witness must stand or fall upon his own testimony, the trier is nevertheless free to disbelieve even unimpeached and uncontradicted testimony. Holden & Daly, Connecticut Evidence, § 125 (a).

---

[2] The lessee had also claimed as error the trial court's filing of a memorandum of decision some four months after judgment entered. Practice Book § 3060B directs that the trial court, "when rendering judgments in trials to the court . . . shall either orally or in writing, state its decision on the issues in the case and, if there are factual issues, the factual basis of its decision." The trial court wholly complied with this directive.

On the facts before it, the trier may well have questioned the accuracy of an inspection which unearthed fifty-seven code violations only four months after a previous inspection of the same premises disclosed the absence of any violations. The trial court acted well within its discretion as fact finder when deciding that the Oakland Court premises were neither uninhabitable nor unfit.

There is no error.

In this opinion BIELUCH and COVELLO, Js., concurred.